[No. 115.  Decided January 15, 1891.]

F. W. PETTYGROVE JR., W. H. NATHANSON AND JAMES
McINTYRE JR. v. DORETTE ROTHSCHILD.

LEASE — FORFEITURE — PLEADING — APPEAL — ADMISSIONS IN BRIEF.

In an action for the forfeiture of a lease for breach of a covenant against making alterations without the consent of the lessor, it is error to strike from the answer allegations that the plaintiff had full knowledge of the making of the alterations at the time when made, that she continued to receive rent accruing thereafter, and did not object to the alterations until some time subsequently.

Such error is not cured by the fact that some evidence in support of the allegations stricken from the answer was incidentally introduced, and that the court made a finding of facts thereon, when the record does not show that the order to strike was ever vacated, nor that the matter was fully gone into.

Where the record shows the motion to strike out certain allegations of an answer, but fails to show the order of the court thereon, or that any exception was taken thereto, appellant's admission in his brief and upon the argument in this court that the motion was granted, must be taken as true, coupled, however, with the statement that the order was excepted to.

*Appeal from Superior Court, Jefferson County.*

The facts are sufficiently stated in the opinion.

*Thomas Fitzgerald, Johnson & Moody,* and *J. C. Haines,* for appellants.

A forfeiture under the terms of a lease is waived by the acceptance of rent accruing subsequent to the breach by the lessor with a full knowledge of the breach.  Taylor, Landl. and Ten. (2d ed.) §§ 287, 479 ; *Gomber* v. *Hackett,* 6 Wis. 324 (70 Am. Dec. 467); *Jolly* v. *Single,* 16 Wis. 289 ; *Jackson* v. *Brownson,* 7 Johns. 227 (5 Am. Dec. 258); *Camp* v. *Pulver,* 5 Barb. 91; 1 Wash. Real Prop. (4th ed.) pp. 483, 484, subd. 14.

*John Trumbull,* for appellee.

The opinion of the court was delivered by

Scott, J.— This was an action of forcible entry and detainer brought by appellee against appellant upon the ground of forfeiture of a lease by making alterations in the building, which was contrary to the terms of the lease unless consented to by the appellee, and which alterations she alleged to have been waste. The superior court found in her favor. Appellant, as a part of his answer, alleged that the plaintiff had full knowledge of the making of said alterations at the time the same were made, and that she continued to receive rent accuring thereafter under the lease without notifying him until some time subsequently that she intended to claim a forfeiture, and that she had thereby waived any right to take advantage thereof. The record shows that the plaintiff moved to strike the foregoing from the answer, but it fails to show any order of the court thereon. Both parties were apparently under the impression that such an order did appear, as the case was argued and submitted to us upon that theory. But the appellee contended no exception was taken thereto; that, in order to do this, it was necessary to settle a bill of exceptions. Under our practice, however, if an exception was taken and made a part of the order, a transcript of the journal entry granting the motion and showing the exception would have been sufficient to raise the question, or it would be sufficient if the statement of facts showed the exception; but, as neither the order nor exception is shown in any way by the record, the case is left in a peculiar attitude. If the motion was in fact not granted, judgment should have been rendered for the defendant upon the ground that these matters set up in the answer, which amounted to a defense if true, were not denied in the plaintiff's reply, and therefore stood admitted. If stricken out and not excepted to, the appellant would thereby be

prevented from raising the point here. We think appellant's admission in his brief and upon the argument, that the motion was granted and an order made striking said matters from the answer, must be taken as true, but that we should take it coupled with the statement there made that the order was excepted to, and the point is accordingly raised in this way. Such a course would be less injurious to the appellee; as, were the case reversed upon the ground that judgment should have been rendered for the defendant upon the pleadings—and this point is substantially raised by the record—the plaintiff might be precluded from having a retrial.

It was contended by appellee that if it was error to grant the motion the same was substantially cured by allowing appellant to introduce evidence in support of the allegations stricken from the answer. The record shows that some such proof was introduced, and the court made a finding of fact thereon against the appellant; but the record does not show that these matters were fully gone into, or that appellant was informed that he could offer his evidence in support thereof, nor that the order granting the motion, if made, was ever vacated. The mere fact that some such proof was incidentally made, and that the court found thereon, cannot be held to have cured the error under the circumstances. The judgment is reversed, and the cause remanded for further proceedings.

ANDERS, C. J., and STILES, DUNBAR, and HOYT, JJ., concur.