MANATEE LIGHT AND TRACTION COMPANY, A CORPORATION, APPELLANT, v. TAMPA PLUMBING AND SUPPLY COMPANY, A CORPORATION, APPELLEE.

1. Under the statute providing that "Liens shall exist in favor of any person who shall furnish any building material used in the construction, repair or use of any building * * * manufacturing work or structure, upon the said building or other property and the lands upon which they stand," the lien can exist only on the buildings or other property and the lands upon which they stand in favor of those who furnish any building material *used* in the construction, repair or use of the building, &c.

2. In a suit to declare and enforce a materialman's lien a decree finding that only a portion of the materials bought was actually used in the construction, equipment or repair of the building of the defendant, without describing or identifying the building or its location, and giving a lien on the power house, building and machinery and all equipment of the defendant, for the whole amount of materials found to have been sold in good faith for the purpose of being used in the construction, equipment or repair of said building, is erroneous, when the statute gives a lien only on the building or other property and the lands upon which they stand for materials furnished and *used* in the construction, repair or use of any building, work or structure.

This case was decided by Division A.

Appeal from the Circuit Court for Manatee County.

The facts in the case are stated in the opinion of the court.

*Chas. T. Curry,* for Appellant;

*Jos. W. Frazier,* for Appellee.

WHITFIELD, J.: The amended bill of complaint filed May 4th, 1905, in this cause alleges that the Manatee Light and Traction Company was and still is seized and possessed in fee simple of "Lots one and two, the same being adjacent, of Block B of Smith's Addition to the town of Bradentown;" that on or about June 1st, 1903, said company contracted with the complainant company "for certain plumbing materials and supplies, and certain plumbing work, to erect a plant or power house upon the above de-

scribed premises;" that in pursuance of said contract complainant furnished and delivered said plumbing material and supplies and did certain plumbing work as aforesaid, and that defendant accepted and used the same in the erection of the said power house or plant; that there remains due and payable for plumbing materials and supplies in the erection of the power house or plant erected upon the above described premises, the sum of $708.21, and for plumbing work furnished and done the sum of $8.00; that the plumbing material and supplies and the plumbing work was entirely furnished and done, and the contract entirely completed on or before April 10th, 1904; that all the plumbing material and supplies and plumbing work done constituted and was but one contract made June 1st, 1903, and that this bill of complaint was brought or instituted within twelve months after the contract was entirely completed; that complainant is entitled to a material man's lien under the laws of this State for material furnished and delivered and work done as above set forth for the erection of improvements upon the premises hereinbefore described together with the improvements thereon, and asks for an accounting of the amount due complainant "by reason of the plumbing material and supplies and plumbing work done and furnished in the erection of the said power house or plant erected upon" said described land, and that defendant be decreed to pay complainant what, if anything, there shall appear upon said accounting to be due it by defendant, including the costs herein and a reasonable attorney's fee for complainant's solicitor, and that in default thereof the said premises may be decreed to be sold to satisfy said decree, etc.

On August 7th, 1905, an amended answer was filed, ad-

mitting the ownership and possession by the defendant of the described land in fee simple; denies that it entered into the contract mentioned in complainant's bill; denies that it ever used in the construction of its power house situated on said described land any plumbing material and supplies purchased under the alleged contract with complainant; denies that complainant performed any labor on the said power house in the construction of the same as alleged; denies that any such contract as is mentioned in complainant's amended bill was ever made between complainant and defendant, but alleges that from time to time during the period mentioned in complainant's amended bill, to-wit: on and between June 1st, 1903, and April 10th, 1904, defendant contracted with complainant under separate, several and distinct contracts for the purchase of goods to the value of $769.97, which said several contracts defendant alleges comprise the claim of complainant and constitute the foundation of complainant's action; and that no part of the materials so furnished by complainant or any of said contracts was used in the construction of the power house of defendant, and that the claim was barred by lapse of time under the statute. There were other averments in the answer not necessary to be given here. A replication to the answer was then filed. Testimony was taken before a master and the court on March 19th, 1906, rendered a decree in the cause as follows:

"This cause coming on to be heard upon the report of the Special Master in Chancery appointed to take the testimony herein, but without findings, and the court being fully advised in the premises, and the matter having been argued by the counsel for the respective parties hereto, and the court after considering all the evidence

and the pleadings in this cause and the law applicable thereto, is fully convinced that the equities of the case are with the complainant, save and except as to the last item purchased by defendant, dated April 9, A. D. 1904, and to this item the court is of the opinion that the purchase was made under and by virtue of a distinct contract, and that complainant, if it is entitled to a lien at all as to said amount must recover it in a separate and distinct action. The court is further of the opinion that all the remainder of said account constitutes but one distinct and individual account and that the same is not barred by the statute of limitations; that all the said goods were sold in good faith and for the purpose of being used in the construction, equipment or repair of the said building of the defendant corporation or some of its necessary appliances, equipments or auxiliary parts, and that a portion of the same were actually used for that purpose and that the remainder was not used of defendant's own volition, and that the same having been sold in good faith by the complainant for the purpose and on the understanding that the same would be used, it is entitled to a lien the same as if it all had actually been used. It is, therefore,

Ordered, adjudged and decreed that complainant do have, and it is hereby given, a lien for the sum of six hundred and fifty and 63-100 ($650.63) dollars, principal, together with interest thereon from October 15, A. D. 1904, and ten per cent. attorney's fee, and all costs of this proceeding against the power house, building, machinery and all equipment of the above named defendant, the Manatee Light and Traction Co., corporation; that the defendant be given ten days in which to satisfy this decree by paying off the same, and that in default of its doing so Lawson Magruder, Esq., be, and he is hereby, appointed special

Master in Chancery to sell the same and satisfy this decree and the costs of said proceeding."

An appeal was taken from the decree and errors are assigned thereon.

The complainant claims "a material man's lien under the laws of this State for material furnished and delivered and work done" under a contract with defendant, and used in the erection of "a plant or power house upon" certain described land of the defendant, and prays "that it may be decreed to have a lien upon the premises hereinbefore described together with the improvements thereon." The answer of defendant denies the use of any of the material and supplies in the construction of its power house situated on said land. The decree adjudges that the certain portions of "said account constitute but one distinct and individual account, and that the same is not barred by the statute of limitations, and that all the said goods were sold in good faith and for the purpose of being used in the construction, equipment or repair of the said building of the defendant corporation or some of its necessary appliances, equipments or auxiliary parts, and that a portion of the same was actually used for that purpose, and that the remainder was not used of defendant's own volition, and that the same having been sold in good faith by the complainant for the purpose and on the understanding that the same would be used, it is entitled to a lien the same as if it all had actually been used." The decree also gives a lien on "the power house, machinery and all equipment of the above named defendant, the Manatee Light and Traction Co., corporation," $650.63, with interest. attorney's fee and costs.

Section 5 of Chapter 5143, Acts of 1903, provides that "Liens shall exist in favor of any person who shall fur-

nish any building material used in the construction, repair or use of any building  *  *  *  manufacturing work or structure upon the said building  *  *  or other property and the lands upon which they stand."

Under the terms of this statute the lien could exist only on the buildings and the land upon which they stand in favor of *those who furnish* any building material *used* in the construction, repair or use of any building, etc.

The decree found that only a portion of the materials were actually used in the construction, equipment or repair of the said building of the defendant corporation, without describing or identifying the building or its location, and gives a lien on the power house, building, machinery and all equipment of the defendant for the whole amount of materials found to have been sold in good faith and for the purpose of being used in the construction, equipment or repair of said building.

The finding that only a part of the material had been used in the building did not warrant a decree giving a lien for the whole amount, even if the building had been identified and the "machinery and all equipment of the above named defendant" are properly a part of the building.

The decree is reversed and the cause is remanded.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.