[No. 6240. Decided September 14, 1906.]

I. M. CUSCHNER, *Appellant,* v. T. E. WESTLAKE, *Respondent.*[1]

LANDLORD AND TENANT—FORFEITURE—SURRENDER BY LESSEE—RIGHT OF SUBTENANT. A notice of forfeiture of a lease for nonpayment of rent, given when the rent was fully paid and at the request of the lessee, shows only a voluntary relinquishment to the lessor, which could not affect the rights of a subtenant.

SAME—LEASE—CONDITIONS AS TO SUBLETTING. An express provision in a lease that the entire premises could not be sublet without the consent of the lessor does not prevent the subletting of a portion of the premises without such consent, and the same would not be a breach of that condition of the lease.

SAME—FORFEITURE—SURRENDER OF POSSESSION—RIGHTS OF SUBTENANT. An attempted forfeiture of a lease for nonpayment of rent is of no effect as against a subtenant, where on the same day, either before or after the notice of forfeiture, the lessee and the subtenant jointly paid the rent due and the same was accepted by the lessor; since if the payment was before notice, no forfeiture could be declared; and acceptance after payment was an admission of the continuance of the tenancy.

1Reported in 86 Pac. 948.

SAME—ESTOPPEL OF LESSOR. Where plaintiff acquired the rights of a lessee while the rent was due, and also took a new lease expressly stating that it was subject to the former lease, he is not in a position to urge a forfeiture of the former lease for nonpayment of rent, as against a subtenant of the first lessee, since the same could occur only through his own neglect.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered February 20, 1906, upon the verdict of a jury rendered in favor of the defendant by direction of the court at the close of plaintiff's case, in an action of forcible entry and detainer. Affirmed.

*Samuel R. Stern,* for appellant.

*Danson & Williams,* for respondent.

HADLEY, J.—This is an action for the possession of real estate, brought under the forcible entry and detainer statute. The plaintiff alleges that on April 30, 1896, George M. Forster and wife were the owners of a certain described lot in Spokane, and that on said date they executed a lease therefor to the Spokane Meat Company, a corporation; that by the terms of the lease the premises could not be sublet without the written consent of the lessors, and that the lessee was required to pay the sum of $200 in advance upon the 1st day of each and every month during the leasehold term; that during the term of the lease and upon the written consent of all the parties thereto, it was assigned by said lessee to E. H. Stanton, who thereby became bound by all the conditions of the lease which were imposed upon the original lessee; that Stanton, in violation of the terms of the lease, did, without the consent of the lessors, sublet the premises to the defendant herein, and that he did also fail to make payment on the 1st day of December, 1904, of the rent then due under the lease; that thereafter, on the 17th day of December, 1904, the lessors notified Stanton that the lease was cancelled and that Stanton thereupon consented to said cancellation and surrendered the premises to the lessors; that on the 30th

day of said last named month, said lessors as owners of the property executed a lease of the lot to the plaintiff herein; that the defendant, prior to said 1st day of December did, under said attempted subletting and as a mere trespasser, enter into the premises and into the building thereon; that said Stanton, at the time of the cancellation of his lease as aforesaid, and for some time prior thereto, was the owner of said building, which had been erected by him upon a portion of said lot, and that on said 1st day of December, 1904, Stanton sold the building to this plaintiff, a part of which was, at the time of said sale, ever since has been, and still is, occupied by the defendant as a trespasser; that the defendant was notified of the cancellation of said lease, and was requested to remove from the premises, but that he has refused so to do, and still continues to occupy them as a mere naked trespasser. It is alleged that a written notice to quit within three days was served upon defendant, but that he nevertheless refused to vacate. Damages are alleged in the sum of $4,000, and judgment is asked for double the amount of the damages and for a writ of restitution.

The defendant answered with denials, and also affirmatively alleged that, after the assignment of the original lease to Stanton, as averred in the complaint, and on the 19th day of April, 1901, Stanton leased to the defendant and another the east twenty-four feet of said lot, together with the store building situate thereon, for the term of five years from May 1, 1901, to May 1, 1906, which lease is now owned by the defendant; that said sublease was made with the full knowledge and consent of the holder of the original lease, and that the subsequent sole ownership thereof was also with the like full knowledge and consent of the original lessor; that the defendant made valuable and permanent improvements in said building to the extent and value of $1,800, all of which were made with the knowledge and consent of Forster, the first lessor, and with the further knowledge and consent on his part that they were

being made in reliance upon said sublease, and that he consented that the defendant should retain possession thereunder for the full term of five years; that in the month of August, 1904, a fire occurred in said building, so that the roof was destroyed, together with other serious damage, and that Stanton and the defendant then entered into an oral agreement by which defendant should put a new roof upon the building occupied by him, furnish and install a cold storage plant for himself, and otherwise repair the building so that it should be fit for occupancy by him, and that in consideration thereof the rent from said date until the expiration of the lease should be $100 per month; that in pursuance of said arrangement and relying thereon, the defendant made said improvements to the extent and value of $1,500; that thereafter, on or about December 1, 1904, Stanton sold and assigned the lease held by him to plaintiff, and also conveyed said building to the plaintiff; that the lease was assigned subject to the sublease of this defendant, and with the understanding and agreement by and between Stanton and the plaintiff that the defendant should be allowed to remain in possession until May 1, 1906, and pay as rental $100 per month, the plaintiff having full knowledge of said oral agreement to pay said sum as above mentioned; that the plaintiff received $45.15 rent paid by defendant for said premises from December 17, 1904, to January 1, 1905, with full knowledge of all the above stated facts; that on the 1st day of each month since, the defendant has tendered $100 per month as the rent aforesaid, and that on June 1, 1905, he paid the sum of $600, being the rent for the six months expiring June 30, 1905, and the same was received by the plaintiff; that on the 1st day of each month since said time he has tendered all the rent due, which plaintiff has refused to receive. By reason of the foregoing alleged facts, defendant says the plaintiff is estopped to maintain this action.

The reply, a part of which was stricken, is extensive and contains certain admissions, denials and allegations which, in effect, controvert the entire theory of the answer. We think it unnecessary to set them forth here. We have stated somewhat fully the averments in the complaint and answer, so as to show the respective theories of the parties as the basis of the controversy. The cause came on for trial before a jury, and at the close of the plaintiff's testimony, the defendant challenged the sufficiency of the evidence to justify a verdict in favor of the plaintiff, and moved that the case should be withdrawn from the jury and judgment entered for the defendant. The motion was granted and judgment was accordingly entered, from which the plaintiff has appealed.

It is argued by appellant that a subtenant is chargeable with notice of the provisions of his lessor's lease, and takes the chance of its being cancelled. The proposition as stated is true, if by the terms of the lease and attending facts the original lessor has it in his power to declare a forfeiture and cancellation. It is argued that the fire which occurred in the building was recognized as a termination of the lease to Stanton, for the reason that the lessor Forster felt himself insecure as to future rent without the building as security therefor. It is also argued that Stanton consented to the termination. Respondent's rights as a subtenant existed, however, before the fire, and if the fact of damage by fire was not a legal ground for forfeiting the principal lease, then the mere declaration of a forfeiture by the lessor or an agreement between him and the lessee that the lease was cancelled would not affect respondent's rights. The lease contained no provision which terminated it in the event of fire, and Stanton continued to occupy the premises and to pay rent for some months after the fire. The building belonged to Stanton and he repaired it after the fire, and continued to do business in it. He continued to pay the rent to the lessor until Decem-

ber 17, when he turned over possession to appellant, to whom he had both assigned his lease and sold the building. Appellant paid the remainder of the rent for the month of December in accordance with the terms of the lease, which had been assigned to him and under which respondent held as subtenant. The new lease which Forster made to appellant also specially recited that it was made subject to the terms of the former one. On the 17th day of December, a notice was served upon Stanton that his lease was terminated for failure to pay rent. But we have seen that the rent for the whole month of December was paid by Stanton and appellant on that day, and the evidence does not show that the lease had been previously terminated. We are satisfied from the evidence that the notice of termination was served at appellant's request for the purpose of eliminating respondent. It served no other purpose, for the reason that appellant had purchased Stanton's rights under his lease, and Stanton had agreed to vacate. These facts we think show no more than a voluntary relinquishment by Stanton of his rights under the lease. The interest of an under-lessee cannot be defeated by the mesne lessee's surrendering his estate in the premises to the lessor.

"When, before a surrender, third persons have acquired interests in the demised premises, a surrender by the lessee cannot affect their rights; as to them the surrender operates only as a grant subject to their rights, and the interest surrendered is considered as continuing to exist so far as is necessary to preserve their rights." 18 Am. & Eng. Ency. Law (2d ed.), p. 366.

See, also, Taylor, Landlord & Tenant (9th ed.), § 111; 2 Current Law 676; *Eten v. Luyster,* 60 N. Y. 252; *Gaskill v. Trainer,* 3 Cal. 334; *Hessel v. Johnson,* 129 Pa. St. 173, 18 Atl. 754, 15 Am. St. 716, 5 L. R. A. 851.

The lease provided that the entire premises could not be sublet without the written consent of the lessor. It was not provided, however, that a part of the premises could not be

sublet. The expressed provision with regard to the whole we think leaves it to be fairly inferred that a part could be sublet without such consent, and respondent's sublease was for a part only. However, even if the provision for written consent applied to respondent's lease, we think the conduct of the lessor showed an acquiescence and a waiver of the provision. There was, therefore, no breach of the conditions of the lease by reason of subletting without consent of the lessor, which furnished ground for a forfeiture as alleged in the complaint; and in any event, the attempted forfeiture was placed upon the ground of nonpayment of rent as a breach of the covenants of the lease. We think appellant is not in a position to urge that there was a forfeiture. He purchased the lease and the rights of Stanton, and succeeded to the obligations of Stanton thereunder. He initiated the purchase on December 1st, and completed it by making final payment on December 15th. This was prior to the attempted forfeiture on December 17th, and since he stood in Stanton's shoes, the alleged forfeiture was the result of his own neglect, and he should not now be permitted to take advantage of it to respondent's injury. Moreover, on the day of the attempted forfeiture, Forster, the original lessor, accepted rent from both Stanton and appellant—the payment being divided between them—for the entire month of December, under the original lease. If the payments were made before service of the notice of forfeiture for nonpayment of rent, the notice was without force, and if they were made after the notice was served, the acceptance of payment of rent for the entire month of December was a waiver of failure to pay December 1st. Appellant himself not only thus paid the rent to the original lessor, but he accepted rent from respondent under his sublease. Respondent paid Stanton for his part of the month of December up to the time Stanton sold to appellant, and he also paid appellant for the remainder of the month. This appellant accepted, knowing that it was rent paid under

respondent's sublease. Such acceptance of rent is in law an admission of the continuance of the tenancy. 18 Am. & Eng. Ency. Law (2d ed.), 385; *Collins v. Canty,* 6 Cush. 415; *Gulf etc. R. Co. v. Settegast,* 79 Tex. 256, 15 S. W. 228; *Pettygrove v. Rothschild,* 2 Wash. 6, 25 Pac. 907.

It is also alleged by respondent that appellant accepted from him the further sum of $600 as rent under the sublease. That he did receive $600 appellant admits, but he denies that he accepted it as rent. He says that he accepted it merely as part payment on damages he had sustained by reason of respondent's retention of the premises. The check which he received stated that it was on account of rent, but the receipt which he gave stated that the $600 was received on account without prejudice. Even if it be true, in view of the receipt and of appellant's testimony, that it may not have been for the court to say that the payment was on account of rent, nevertheless, as we have stated, the evidence clearly showed that appellant did receive rent from respondent for the balance of the month of December, after appellant became the owner of the original lease as lessee thereunder, and that continued the relation of landlord and tenant between him and respondent.

It cannot be maintained that appellant does not claim as assignee under Stanton, and that he does claim only as lessee under the new lease from Forster. That new lease expressly stated that it was made subject to the Stanton lease. Appellant obtained no rights under the new lease as against the Stanton lease. He fully acquired the Stanton lease December 15, which was prior to the alleged forfeiture. He therefore stood in the place of Stanton as the landlord of respondent, and he is not in position to urge a forfeiture of the Stanton lease, which could then have occurred only through his own neglect or voluntary surrender.

Appellant has assigned some special errors upon the introduction of testimony, but we have discussed the essence of

the controversy, and we do not think there were any errors in the particulars named which were sufficiently prejudicial to appellant to have changed the result, even if appellant's contention thereon were maintained. A discussion of them would therefore be unprofitable, especially in view of the necessarily extended discussion of the more vital points in the controversy. We believe the court did not err in its decision, and the judgment is affirmed.

MOUNT, C. J., CROW, and DUNBAR, JJ., concur.

FULLERTON, J., concurs in the result.