R. A. MILLS, *Appellant,* v. W. F. BRITT, *Appellee.*

1. The statute enacting that a lien may be acquired as against the owner of land upon the building and the land on which it stands, by the performance of labor or the furnishing of material used in the construction or repair of the building, and providing that such lien shall be enforceable by persons in privity with the owner by bill in equity or by suit at law, is not

violative of the constitutional guaranty of a jury trial, since the lien given by the statute is not known to the common law and was not triable by jury when the first constitution of the state became effective.

2. A bill in equity to enforce a statutory mechanics and laborers lien is not ordinarilly an action to recover on a contract, even though the labor and material were furnished in accordance with a contract.

3. A bill of complaint alleging the furnishing by complainant of the labor and material used in a house upon designated land and the non-payment therefor, and praying for a judicial enforcement of the statutory lien for the amount due, is not so vague, indefinite and uncertain as not to be sufficient to require an answer.

4. Where there is evidence to sustain a decree enforcing a statutory lien as to the amount, and as to attorney fees allowed under the statute, the decree will not be disturbed on the ground that it is not sustained by the evidence.

5. In equity causes costs are awarded in the sound discretion of the court as justice may require in the particular case; and the appellate court will not interfere unless abuse of discretion is made to appear.

This case was decided by Division A.

Appeal from the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the court.

· *W. E. Leitner,* for appellant;

*Treadwell & Treadwell,* for appellee.

WHITFIELD, J.—The appellee filed an amended bill in equity in the Circuit Court for DeSoto county, Florida,

in September, 1906, alleging in brief an agreement with the appellant early in the year 1906 for building an addition to a house on certain described land of appellant, for five hundred dollars, and that appellee furnish material and labor used in building the addition to the house on the premises, that such labor and material have not been paid for, and that appellee duly filed notice of lien against the property for five hundred dollars. The prayer is that a lien be declared on the real estate and the building situated thereon for the amount due for work done and material furnished as aforesaid, and that a sale of the property be decreed for payment.

A demurrer to the bill of complaint was overruled, and upon answer, replication and testimony a decree for the complainant appellee was rendered, and the defendant appealed.

The overruling of the demurrer to the bill of complaint is assigned as error, and it is argued that the constitutional guaranty of jury trial is violated because the suit is on a contract merely, and is not for work and materials.

The bill of complaint specifically alleges the furnishing of work and material used in the building on the described premises and prays that the lien for the labor and material be decreed and enforced.

The statute enacts that a lien may be acquired as against the owner by the performance of the labor or the furnishing of the materials used in the construction or repair of any building, upon the building and the land upon which it stands; and provides that such lien shall be enforceable by persons in privity with the owner by bill in equity or by suit at law. Sections 5 and 13, Chapter 5143, Acts 1903; Manatee Light & Traction Co. v.

Tampa Plumbing & Supply Co., 52 Fla. 533, 42 South. Rep. 703.

As the statute gives a right not known to the common law, and not triable by jury when the first constitution of this state became effective, it was competent for the legislature to prescribe the remedy as it has done in the alternative, and either remedy may be pursued under porper circumstances.    See Hawthorne v. Panama Park Co., 44 Fla. 194, 32 South. Rep. 812, 103 Am. St. Rep. 138; Futch v. Adams Bros., 47 Fla. 257, 36 South. Rep. 575; Ocala Foundry & Machine Works v. Lester, 49 Fla. 347, 38 South. Rep. 56; Camp Phosphate Co. v. Anderson, 48 Fla. 226, 37 South. Rep. 722, 111 Am. St. Rep. 77; Wiggins v. Williams, 36 Fla. 637, 18 South. Rep. 859, 30 L. R. A. 754; Williams v. Clyatt, 53 Fla. 987, 43 South. Rep. 441; Ex Parte Scudamore, 55 Fla. 211, 46 South. Rep. 279.

This suit is not brought to recover on a contract, but to enforce a statutory lien to which the contract was an incident.    The remedy pursued is expressly given by the statute creating the lien, and such remedy does not violate the constitutional guaranty of a jury trial.

It is not perceived wherein the bill of complaint is vague, indefinite and uncertain, and not sufficient for defendant to answer, as urged here.

The bill alleges the furnishing by complainant of the labor and material used in the house upon designated land and the non-payment therefor,    and prays for a judicial enforcement of the statutory lien for the amount due.

There is evidence to sustain the decree as to the amount due and as to attorney fees, and no error is made to appear in awarding the costs in the trial court.

A lien was decreed to be enforced for $450.00, and

$45.00 counsel fees were awarded. The statute allows counsel fees not to exceed ten per cent of any recovery greater than one hundred dollars. Sec. 2218, General Statutes.

In equity causes costs are awarded in the second discretion of the court as justice may require in the particular case; and the appellate court will not interfere unless abuse of discretion is made to appear.

The decree is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.