[No. 8262. Department One. December 20, 1909.]

AMELIA BATLEY, *Respondent,* v. LAURA DEWALT *et al., Appellants.*[1]

LANDLORD AND TENANT—LEASE—ASSIGNMENT—WITHOUT CONSENT —DAMAGES—RIGHTS OF ASSIGNEE—WAIVER OF FORFEITURE. Damages cannot be recovered by the assignees of a lease by reason of the assignor's breach of her agreement to procure the written consent of the landlord, where the assignees were not disturbed in their possession and the landlord waived a forfeiture of the lease by accepting rent from the assignees after notice of the assignment.

SAME—LEASE—ASSIGNMENT WITHOUT CONSENT—WAIVER—RECEIPT OF RENTS. A landlord's acceptance of rent from assignees of the lease, after notice of the assignment, waives the right to forfeit the lease for assignment without the landlord's consent, although receipt for the rent was given in the name of the original lessees.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered January 12, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a mortgage. Affirmed.

*Belt & Powell,* for appellants.

*W. H. Plummer,* for respondent.

RUDKIN, C. J.—On the 4th day of December, 1905, Henry Rombeck and wife leased to the plaintiff, Amelia Batley, and George Batley, her husband, a certain building in the city of Spokane known as the Merchants Hotel, for the term of forty-five months from the first day of December, 1905, or

[1]Reported in 105 Pac. 1029.

until the 31st day of August, 1909, at the monthly rental of $138 per month, payable monthly in advance on the first day of each and every month during the term. The lease contained the usual covenant against assigning or subletting without the written consent of the lessors.

The lessees occupied the demised premises as a lodging house until on or about the 30th day of April, 1907. On the latter date they assigned their lease for the balance of the term, and sold the furniture in the lodging house to the defendants in this action for the sum of $3,700, $2,500 of which was paid in cash, and the balance secured by note and mortgage due May 3d, 1908. The note and mortgage were not paid at maturity, and the present action was instituted to recover judgment on the note and to foreclose the mortgage. The answer of the defendants set up a counterclaim in the sum of $2,000 for a breach of an alleged covenant or agreement on the part of the plaintiff and her husband to procure the written consent of the Rombecks to the assignment of the lease from the plaintiff and her husband to the defendants. Judgment was given in favor of the plaintiff according to the prayer of the complaint, and from that judgment, this appeal is prosecuted.

The refusal of the court to allow damages on the counterclaim is the only error assigned. Waiving the questions whether the respondent entered into an absolute agreement to obtain the written consent of her landlords to the assignment of the lease, or whether she only agreed to use her best endeavors in that behalf, and whether oral testimony was competent to prove such an agreement in the face of the written contract of the parties, we fail to see wherein the appellants have suffered any substantial damage by reason of the breach, or wherein there has been any substantial breach. It is an admitted fact that the appellants entered into the immediate possession of the demised premises on the assignment of the lease, and continued to occupy the same without let or hindrance from any source up to the very day

of the trial, some twenty months later. Nor is there anything in the record to indicate that their possession would be interfered with in any way during the remainder of the term which has now expired. Furthermore, the Rombecks waived the right to declare a forfeiture of the lease by their conduct in accepting rent from the assignees of the term with full knowledge of the assignment. The covenant against assignments was broken as soon as the assignment was made, and the Rombecks had the option to declare a forfeiture or recognize the assignees as their tenants. As soon as they accepted rent in advance from the assignees, with full knowledge of all the facts, the right to declare a forfeiture was waived as fully and completely as by the written consent provided for in the lease itself. Such is the rule announced by this court, and the rule is amply supported by authority. *Pettygrove v. Rothschild*, 2 Wash. 6, 25 Pac. 907; *Cuschner v. Westlake*, 43 Wash. 690, 86 Pac. 148; 18 Am. & Eng. Ency. Law (2d ed.), p. 385; Taylor, Landlord & Tenant (9th ed.), §§ 287, 412.

Nor could the landlord relieve himself from the effect of the waiver by accepting rent from the assignees, and giving a receipt in the name of the original tenants. *Darmstaetter v. Hoffman*, 120 Mich. 48, 78 N. W. 1014, cited by the appellants, is not in conflict with these views, for there the court said:

"But in this case the lessors have not consented to the assignment. There is nothing in the record to indicate that they had any knowledge of it, or had done any act which could operate as a waiver of the covenant in the lease not to assign. Until Hubbard & King had assented in writing, or had recognized defendant as their tenant, that relation did not exist."

As we have seen, the original landlords here did have notice of the assignment and did recognize the appellants as their tenants by accepting rent from them in advance with full

knowledge of the grounds of forfeiture.    For these reasons there is no error in the record, and the judgment is affirmed.

FULLERTON, CHADWICK, MORRIS, and GOSE, JJ., concur.