PATTERSON v. CARREL.

1. LANDLORD AND TENANT — BREACH OF CONDITIONS — WAIVER— LEASE.
   By accepting rent from assignees of a lease containing a clause prohibiting subletting, the landlord waives his right to rely on the breach of the condition.

2. SAME—ASSIGNMENT—RESTRICTIONS.
   And permitting the assignees to make repairs operates as a waiver.

3. SAME—VENDOR AND PURCHASER—SUMMARY PROCEEDINGS.
   The vendee of rights of such landlord is bound by his waiver, though the vendee accepts additional rent upon the express stipulation that he does not waive the breach thereby.

Error to Berrien; Bridgman, J. Submitted June 12, 1912. (Docket No. 89.) Decided July 11, 1912.

Summary proceedings by Thornton E. Patterson and another against Ivan Carrel, by his guardian *ad litem*, for possession of certain demised premises. From a judgment of the commissioner for complainants, defendant appealed to the circuit court. Judgment for defendant upon a directed verdict. Complainants bring error. Affirmed.

*Cady & Andrews*, for appellants.

*Charles H. Kavanagh*, for appellee.

In this action complainants seek to recover the possession of certain premises by summary proceedings under the statute. It appears that one Mars (grantor of complainants) on December 28, 1910, leased the premises in question for a period of three years from January 15, 1911, to Merle R. Castner, who conducted a confectionery store and ice cream parlor therein. The lease contained a covenant against subletting without the written assent of the lessor. It also provided—

"That, if default shall be made in any of the covenants herein contained, then it shall be lawful for the said party of the first part to have certain attorney, heirs, representatives and assigns, to re-enter into and repossess the said premises, and the said party of the second part, and each and every other occupant to remove and put out."

On August 17, 1911, defendant purchased from Castner the stock and fixtures of the retail business theretofore run by Castner in said building. The record does not show any assignment of the lease, either written or verbal, from Castner to Carrel, but, after Carrel's purchase and after he went into possession of the premises, Mars recognized him as his tenant, accepted rent from him, and permitted him to expend money in repairs upon the premises.

On September 30, 1911, Mars sold the premises to complainants, who, upon the same day, notified Carrel to quit and surrender possession. Carrel remained in possession, and on November 2d paid the rent from October 1st to November 1st to complainants, who gave him a receipt for the same, in which it was specified that the acceptance of rent should not be considered as a waiver of the right to dispossess Carrell. On November 4, 1911, this proceeding was launched.

The case having reached the circuit court, a verdict of "not guilty" was directed, upon which judgment was duly entered. Complainants appeal.

BROOKE, J. (*after stating the facts*). Assuming that there was a breach of the covenant against subletting without the written consent of the lessor (which does not clearly appear from the record), the question arises whether the landlord, Mars, after notice of the alleged breach, by his conduct in accepting rent from the new tenant and permitting him to expend money in repairs, waived his right to insist upon forfeiture under the terms of the lease?

The rule is laid down in 24 Cyc. p. 970, as follows:

"If the lessor, with notice of a breach of the restriction against assigning, permits the assignee to remain in possession and accepts subsequently accruing rents from him, the breach is waived."

This rule is abundantly supported by the authorities cited in note 42 to the text. See, also, *Batley* v. *Dewalt*, 56 Wash. 431 (105 Pac. 1029); *Conger* v. *Duryee*, 90 N. Y. 594; *Gulf, etc., R. Co.* v. *Settegast*, 79 Tex. 256 (15 S. W. 228); 18 Am. & Eng. Enc. Law (2d Ed.), pp. 382 and 386.

If the lessor after notice of the breach permits the assignee to expend money in repairs upon the leased premises, the breach is waived. *E. H. Powers Shoe Co.* v. *Odd Fellows Hall Co.*, 133 Mo. App. 229 (113 S. W. 253); *Moses* v. *Loomis*, 156 Ill. 392 (40 N. E. 952, 47 Am. St. Rep. 194). See, also, *Barrie* v. *Smith*, 47 Mich. 130 (10 N. W. 168).

The act of the lessor in waiving the alleged breach is binding upon his vendees, the complainants (*Stoddard* v. *Gallagher*, 133 Mich. 374 [94 N. W. 1051]), even though they by their own act in accepting rent and giving a conditional receipt therefor did not waive. Upon this point, see 24 Cyc. p. 1363, and note.

Under the undisputed facts and the applicable law, the verdict was properly directed. The judgment is affirmed.

MOORE, C. J., and STEERE, MCALVAY, STONE, OSTRANDER, and BIRD, JJ., concurred. BLAIR, J., did not sit.