[No. 15355.    Department Two.    July 23, 1919.]

BREWSTER CIGAR COMPANY, INCORPORATED, *Respondent,*
v. FRANK ATWOOD, *Appellant,* RALPH HAGY,
*Receiver of the Richmond-Grafke Com-
pany, Incorporated, et al.,
Defendants.*[1]

PRINCIPAL AND SURETY (26)—DISCHARGE OF SURETY—CHANGE IN PARTIES TO OBLIGATION—SURRENDER OF LEASE. The sureties upon the bond of a lessee, obligated with their principal to perform the terms of a sublease of part of the leased premises, are not released by the fact that the lessee surrendered its lease and that the sublessee subsequently remained in possession and paid rent to the successors in interest without complaint until ejected; but are holden under the terms of the bond to maintain the sublessee in quiet and peaceful possession of the property.

LANDLORD AND TENANT (87, 88)—EVICTION—ACTS BY LANDLORD. Where a sublease provided that the lessor should cut back a portion of the adjoining and of the leased premises for a joint entrance, a change in and obstruction of such entrance in violation of the sublease and notice that the sublease was terminated and would be recognized only as a tenancy from month to month, constitutes an eviction, entitling the sublessee to move out and to damages.

SAME (91)—EVICTION—DEFENSES. In an action against a lessee and its sureties for damages for evicting its sublessee, it is no defense that the sublessee violated the law in allowing dice shaking, where no objection was made thereto and it was not evicted for that reason, but because the dominant tenant changed the building in violation of the terms of the sublease and desired the sublessee's removal.

[1]Reported in 182 Pac. 564.

Appeal from a judgment of the superior court for King county, Allen, J., entered November 19, 1918, upon findings in favor of the plaintiff, in an action in tort. Affirmed.

*Ryan & Desmond,* for appellant.

*Gill, Hoyt & Frye* and *Walter Schaffner,* for respondent..

Mount, J. — This action was brought against the principal and the sureties upon a bond for the faithful performance of a lease, to recover damages on account of the eviction of the plaintiff from leased premises. The case was tried to the court without a jury, and resulted in a judgment in favor of the plaintiff for twelve hundred dollars. Mr. Atwood, one of the sureties upon the bond, has appealed from that judgment.

The facts are not disputed. They are as follows: In the year 1912, John J. Ferguson was the owner of a building known as the Brooklyn Building, located on the southeast corner of Second avenue and University street, in the city of Seattle. On December 4th of that year, he leased this building to Albert E. Grafke for a period of fifteen years. Thereafter the lease was assigned by Mr. Grafke to the Richmond-Grafke Company, a corporation. The portion of the premises on the first floor on University street was occupied by a drug store operated by this corporation. A space fronting approximately ten and one-half feet on Second avenue, adjoining the drug store on the south, was used and occupied as a cigar store. The cigar store was twenty-four feet deep. On June 13, 1916, the Richmond-Grafke Company sublet to the respondent that portion of the premises called the cigar store. The sublease provided that the lessor would, at its own

expense, cut back the south display window of the drug store adjoining the cigar store four and one-half feet, and that the space between the display window on the demised premises and the northerly drug store display window, for a depth of four and one-half feet back from the sidewalk, should remain open and unobstructed for the joint benefit of the lessor and the lessee. The lease also provided:

"That, so long as said lessee shall keep and perform his covenants and agreements herein contained on his part to be kept and performed, the said lessee shall be kept in quiet and peaceful possession of said leased premises against the claims and demands of all persons whomsoever lawfully claiming or to claim the same or any part thereof."

At the time of the execution of this lease, the Richmond-Grafke Company, as principal, and defendants Chase, Sliter and Atwood, as sureties, executed a bond to the respondent in the penal sum of two thousand two hundred dollars ($2,200), conditioned that, if the lessor should fail to perform any of the covenants of the lease, the sureties would indemnify the lessee for any and all damages which he might sustain by reason of such breach of covenant.

Upon the execution of this lease, respondent remodeled this cigar store and conducted the same, paying the rental provided for in the lease, namely, two hundred dollars per month, to the Richmond-Grafke Company. Two hundred dollars was also paid for the last month that the lease was to run. The duration of the lease was for more than six years. In the year 1916, after the death of Mr. Ferguson, the owner of the fee, the Richmond-Grafke Company became financially embarrassed and was delinquent in its rental for the premises. Thereupon it entered into an agreement

with the executor of the estate of Mr. Ferguson whereby the original leasehold was canceled and the Richmond-Grafke Company then became a tenant from month to month. The respondent paid rent to the Richmond-Grafke Company under the sublease. Soon thereafter the Richmond-Grafke Company became insolvent and a receiver was appointed and continued in possession of the premises until the latter part of February, 1917. Respondent during this period paid rent to the receiver. Thereafter other persons succeeded to the rights of the Richmond-Grafke Company and occupied the premises and collected the rent from the respondent. On June 4, 1917, the executor of the Ferguson estate executed a lease to Joseph Leudan Company for the entire lower floor of the building, which included that portion occupied by the respondent, and on June 8, the agent of the Leudan Company notified the respondent that the Leudan Company was willing to allow the respondent to remain in possession of the cigar store on a month to month basis until definite plans regarding a change of the store were made; that the rental should continue at the rate of two hundred dollars per month. The respondent was also notified that it would be necessary for the Leudan Company to move the front of the property to the sidewalk line; that, if respondent was not satisfied with this arrangement, it should give written notice of intention to move. In pursuance of this notice, the Leudan Company commenced the remodeling of the store front and restored the south display window to its original position on the sidewalk line. While this work was being done, the respondent moved from the premises and claimed an eviction because of the obstruction of the entrance as provided for in the sublease. The trial court was of the opinion that the change of the front entrance without the con-

sent of the respondent was an eviction, and granted the respondent one thousand dollars damages for the depreciated value of the fixtures and two hundred dollars because of the last month's rental which had been paid.

Appellant contends, first, that he was released as a surety upon the bond because the original lease was surrendered by the principal, Richmond-Grafke Company, to the Ferguson estate, and because the respondent thereafter paid the rent to persons who acquired the interest of the Richmond-Grafke Company in the premises. We think it is plain from the facts that the sureties upon this bond were obligated with the principal to retain the respondent in the peaceful and quiet possession of the premises as they were leased. The fact that the Richmond-Grafke Company did not maintain its original lease, but surrendered the same, did not change the relation of the Richmond-Grafke Company or the sureties to the respondent. The respondent was permitted to remain in the premises by virtue of its lease, and paid its rent to the Richmond-Grafke Company during all the time that company had possession, and thereafter paid the rent to those who acquired the interest of the Richmond-Grafke Company in the premises. It is plain, therefore, that, as long as the respondent remained in possession, it remained there under the terms of the sublease executed by the Richmond-Grafke Company. It was through no fault of the respondent that the Richmond-Grafke Company did not remain in possession of the premises until the expiration of the original lease. So far as the record shows, the respondent had no voice in changing the terms of the original dominant lease, or in the assignment thereof to the different persons who acquired the interest of the Richmond-Grafke Company in that lease. The respondent was not in-

jured in any way by these assignments, but was permitted to remain in possession of the premises leased from the Richmond-Grafke Company and made no complaint until it was ejected, or until the sublease was terminated. The sureties upon the bond were therefore holden under the terms of the bond to maintain respondent in quiet and peaceful possession until the end of the term. In the case of *Cuschner v. Westlake,* 43 Wash. 690, 86 Pac. 948, we said:

"The interest of an under-lessee cannot be defeated by the mesne lessee's surrendering his estate in the premises to the lessor.

"'When, before a surrender, third persons have acquired interests in the demised premises, a surrender by the lessee cannot affect their rights; as to them the surrender operates only as a grant subject to their rights, and the interest surrendered is considered as continuing to exist so far as is necessary to preserve their rights.'"

In support of this rule, a number of authorities are there cited. We think there can be no doubt that the sureties, along with the principal, were bound to maintain the sublease executed by the Richmond-Grafke Company to the respondent.

It is next contended that there was no eviction of the respondent from the premises. The lease from the Richmond-Grafke Company to the respondent provides that the lessor should, at its own expense, cut back the south display window of the drug store adjoining the demised premises four and one-half feet, and that the space between the display window on the demised premises and the northerly drug store display window, for a depth of four and one-half feet back from the sidewalk line, should remain open and unobstructed for the joint benefit of the lessor and the lessee. After the Leudan Company had acquired the interest of the Richmond-Grafke Company in the

original lease and had obtained possession of the whole premises, they changed this entrance. This was a violation of the terms of the lease. They not only changed the entrance, but they notified respondent that the lease was terminated and that they would recognize it only as a month to month tenant thereafter, and that, if respondent was not satisfied with this arrangement, it could give a twenty-day notice of removal. We are of the opinion that this notice, as well as the change in the entrance, constituted an eviction. The respondent accepted this as an eviction and moved from the premises, and was therefore entitled to recover damages. In the case of *Wusthoff v. Schwartz,* 32 Wash. 337, 73 Pac. 407, we said:

"It is a well established rule that actual force is not necessary to effect an eviction in law, but that any interference by the landlord with the full and substantial enjoyment by the tenant of the thing leased amounts to an eviction."

We are satisfied, therefore, that there was an actual eviction and that respondent was entitled to recover.

It is next contended by the appellant that because the evidence showed that respondent had permitted dice shaking for cigars upon the premises, which was in violation of law, respondent thereby forfeited its lease. It is sufficient to say upon this question that respondent was not evicted for that reason. If respondent had been evicted for that reason it could not have recovered from the appellant. Appellant or the owner of the dominant estate apparently made no objection to this sort of gambling and respondent was not evicted for that reason, but was evicted because the dominant tenant changed the building in violation of the terms of the lease and desired respondent's removal from the premises. The appellant cannot now

be heard to say that there was some other reason for which the respondent might have been evicted.

We find no error in the record, and the judgment is therefore affirmed.

HOLCOMB, C. J., PARKER, and FULLERTON, JJ., concur.