L. C. GRACY, *Appellant*, v. THOMAS W. FIELDING,
*Appellee*.

Opinion Filed March 18, 1922.

The granting of an injunction upon a bill the allegations of
which are sufficient upon which to rest a prayer for such
relief and upon affidavits offered in support of the appli-
cation is a matter of discretion to be exercised by the Chan-
cellor and will not be interfered with where no abuse of
discretion is shown.

An Appeal from the Circuit Court for Alachua County;
B. A. Thrasher, Judge.

Affirmed.

*Hampton & Hampton*, for Appellant.

*W. S. Broome*, for Appellee.

ELLIS, J.—This is an appeal from two interlocutory
orders. One denying a motion to strike an interlineation
in the prayer of the amended bill for an injunction to
restrain a trespass. The interlineation consisting of the
words "a temporary" inserted before the word injunction
in the prayer after running a pen through the word "an"
immediately preceding the word "injunction." The other
order was one granting a temporary injunction against the
defendant, L. C. Gracy, "as prayed for by the amended
bill." The prayer was that an "injunction issue against
L. C. Gracy, restraining him, his agents, servants and em-
ployees from going upon the lands described in the bill and
from cutting the trees thereon and from removing the logs
therefrom," etc.

The bill alleged that the lands were wild, unimproved and unoccupied, and contained the allegation that the defendant Gracy was cutting trees or removing logs from the land and removing wood therefrom and otherwise committing waste upon the property.

The denial of the motion to strike the alleged interlineation from the prayer of the bill, we cannot say was error, as the issue was distinctly drawn by the solicitors for complainant and defendant on the question of fact, as to whether any alteration or interlineation had been made in the bill after it was filed and the court decided that question in favor of complainant. The granting of the injunction was a matter within the court's discretion, within limitations of reasonable exercise. The allegations of the bill were sufficient upon which to rest the prayer for such relief, and the affidavits offered in support of the application sufficient. See Holt v. Hillman-Sutherland Co. 56 Fla. 801, 47 South. Rep. 934; Allen v. Hawley, 6 Fla. 142; McKenne v. Dickenson, 24 Fla. 366, 5 South. Rep. 34; Savage v. Parker, 53 Fla. 1002, 43 South. Rep. 507; Viser v. Willard, 60 Fla. 395, 53 South. Rep. 501.

No abuse of discretion has been shown by the Chancellor in granting the injunction so the orders are affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.