PERCY NELSON, *Appellant*, v. THE STATE OF FLORIDA, *ex rel.* WILLIAM FISHER, COUNTY SOLICITOR OF ESCAMBIA COUNTY, FLORIDA, *Appellee*.

Opinion Filed December 1, 1922.

1. Upon appeal an order granting or denying a temporary injunction will not be disturbed unless contrary to some rule of equity or the result of improvident exercise of judicial discretion.

2. When a state, exerting recognized authority, undertakes to suppress what it is free to regard as a public evil, it may adopt such measures having reasonable relation to that end as it may deem necessary in order to make its action effective.

3. Section 3223, *et seq.*, Revised General Statutes of Florida. relating to the abatement of nuisances as applied to the facts of this case, do not offend against the constitutional guarantee of a jury trial or operate as a deprivation of property without due process of law.

An Appeal from the Circuit Court for Escambia County; A. G. Campbell, Judge.

Affirmed.

*John P. Stokes,* for Appellant;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for Appellee.

WEST, J.—Proceeding by bill in chancery in the Circuit Court of Escambia County in the name of the State of Florida under the provisions of Section 3223 et seq. of the Revised General Statutes, the county solicitor of Escambia County sought to enjoin appellant, defendant in the court below, from conducting and operating at number 314 South Baylen Street in the City of Pensacola, Escambia County, Florida, what purports to be a rooming house and cold drink stand.

The bill alleges in substance that the place and premises so conducted and operated by defendant were frequented by lewd, wanton and dissolute persons, were used for a place of prostitution and lewdness with the knowledge and consent of defendant, that because of such conduct numerous arrests had recently been made from said rooming house and that said premises have a general reputation of being a place where prostitution and lewdness are practiced and where persons engaging in such practice congregate.

There was a demurrer to the bill. Upon hearing the demurrer was overruled.

Whereupon proof was taken in support of the allegations of the bill and a temporary restraining order was entered. An application for rehearing and an application for an order fixing the amount and condition of a supersedeas bond were made, both of which were denied. To review the orders mentioned an appeal was taken to this court. Each of the orders is assigned as error.

The injunction order, omitting formal parts, is as follows:

"It is ordered, adjudged and decreed by this Court, that the defendant, Percy Nelson, her associates, agents, servants, employees and assigns, be, and they are hereby jointly and severally enjoined and restrained from the further operation of any business or occupation at the premises, No. 314 South Baylen Street, in the City of Pensacola, Florida, and from further operation or maintaining of any house or building where prostitution or lewdness is practiced, or where lewd, wanton, and lascivious persons frequent at any place in Escambia County, Florida, until further order of the Court herein."

Generally, whether a preliminary injunction shall be granted rests in the sound discretion of the trial court, and upon appeal an order granting or denying such injunction will not be disturbed unless contrary to some rule of equity or the result of improvident exercise of judicial discretion. Meccano, Ltd. v. Wanamaker, 253 U. S. 136; Gracy v. Fielding, 83 Fla. 386, 91 South. Rep. 373.

The injunction is limited in its application to the defendant. It is not against the property. The evidence was ample to support the finding that, under the guise of an apparently legitimate business, the premises described were devoted by defendant to an unlawful purpose. To make effectual the injunction the defendant is forbidden to use the premises described for the conduct of any business and is also forbidden by the order to operate or maintain any other place where the practices alleged are engaged in. In Purity Extract Co. v. Lynch, 226 U. S. 192, the court said: "It is also well established that, when a State exerting its recognized authority undertakes to suppress what it is free to regard as a public evil, it may adopt such measures hav

ing reasonable relation to that end as it may deem necessary in order to make its action effective.''

The constitutional validity of the statute is challenged upon the grounds that it denies to defendant the right of trial by jury and operates to deprive him of property without due process of law, but it is clear that, as applied to the facts of this case, the statute does not offend against either of the constitutional provisions invoked by defendant. F. E. C. Ry. Co. v. State, 77 Fla. 571, 82 South. Rep. 136 ;. Mills v .State, 56 Fla. 839, 47 South. Rep. 799 ; State v. Stroup, 131 Minn. 308, 155 N. W. Rep. 90; State ex rel Wilcox v. Gilbert, 126 Minn. 95, 147 N. W. Rep. 953 ; 5 A. L. R. 1449 ; State ex rel English v. Fanning, 96 Neb. 123, 147 N. W. Rep. 215; Gregg v. People, 65 Colo. 390, 176 Pac. Rep. 483 ; Chase v. Revere House, 232 Mass. 88, 122 N. E. Rep. 162 ; People v. Smith, 275 Ill. 256, 114 N. E. Rep. 31, L. R. A. 1917B, 1075.

The orders appealed from are affirmed.

TAYLOR, WHITFIELD, AND ELLIS, J. J., concur.