FARMERS BANK AND TRUST COMPANY, A CORPORATION, *Appellant*, v. PALMS PUBLISHING COMPANY, A CORPORATION, AND POST PUBLISHING COMPANY, A CORPORATION, *Appellees*.

Opinion Filed November 5, 1923.

1. A lessor, by accepting the benefits of a lease, after an as-signment or sub-letting by the original lessee, and by a course of conduct reasonably susceptible of a construction that he acquiesces in the assignment or sub-letting of the leased premises, notwithstanding a covenant against an as-signment or sub-letting, may be held to have waived the covenant and to be estopped from asserting a forfeiture be-cause of its breach.

2. If a lessor, with knowledge of a breach by the lessee of the restriction against an assignment or sub-letting of the leased premises, permits the assignee to remain in posses-sion of the premises and accepts subsequently accruing rents from him, the breach is waived.

3. The granting of an injunction upon a bill, the allegations of which are sufficient upon which to rest a prayer for such relief and upon affidavits offered in support of the applica-

tion, is a matter of discretion to be exercised by the chancellor and will not be interfered with where no abuse of discretion is shown.

This case was decided by Division B.

An Appeal from the Circuit Court for Palm Beach County; E. C. Davis, Judge.

Affirmed.

*M. D. Carmichael,* for Appellant;

*H. L. Bussey,* for Appellees.

WEST, J.—This is a suit to enforce specific performance of a contract to renew a lease upon certain premises in the City of West Palm Beach and to restrain the lessor from molesting or interfering with the lessee's possession or from instituting any action or proceeding for the purpose of dispossessing the occupant. After answer and upon a hearing upon an application for temporary restraining order, an order was entered in accordance with the prayer of the bill, enjoining the lessor from taking any action for the purpose of dispossessing the lessee and repossessing itself of said premises.

The original parties to the lease were the Farmers Bank and Trust Company, a corporation, lessor, and the Palms Publishing Company, a corporation, lessee. The term of the lease was from the 1st day of August, A. D. 1918, to the 1st day of January, A. D. 1922, "with the privilege of renewing the lease for a period of two years from the date of expiration." It contained a covenant by the lessee "not to assign this lease or to sub-let any part of said premises without the written consent of the lessor."

The bill alleges that the Post Publishing Company, a corporation, one of the complainants, succeeded to the interests of the Palms Publishing Company, the lessee, in February, 1921, as the owner and publisher of a daily newspaper, continued the occupancy of said leased premises as theretofore by the original lessee, paying the monthly rentals to the lessor, as agreed and stipulated in the lease, and that the lessor knew of said transfer and occupancy and received and accepted payments of rent until the month of January, 1922, at which time the lessor refused the request of complainant Post Publishing Company for a renewal of the lease and notified the lessee to quit and deliver up possession of said premises to the lessor.

The answer in substance denies knowledge of the defendant lessor of the assignment of the lease or sub-letting of the premises and denies any waiver of the provision of the lease against its assignment or a sub-letting by the lessee.

The granting of a temporary restraining order is assigned as error.

The record presents the question of whether the lessor had knowledge of the assignment or sub-letting by Palms Publishing Company, lessee, to Post Publishing Company, and thereafter accepted payment of rent and acquiesced in the use and occupancy of the leased premises by the latter company for the period of time stated.

That a lessor, by accepting the benefits of a lease, after an assignment or sub-letting by the original lessee, and by a course of conduct reasonably susceptible of a construction that he acquiesces in the assignment or sub-letting of the leased premises, notwithstanding a covenant against an assignment or sub-letting, may be held to have waived the covenant and to be estopped from asserting a for-

feiture because of its breach, is well established. 16 R. C. L. §653; 24 Cyc. 970; Carpenter v. Pocasset Mfg. Co., 180 Mass. 130, 61 N. E. Rep. 816; Kanawha-Gauley Coal, etc. Co. v. Sharp, 73 W. Va. 427, 80 S. E. Rep. 781, Ann. Cas. 1916-E 786, 52 L. R. A. (N. S.) 968; Kenny v. Lun, 101 Minn. 253, 112 N. W. Rep. 220, 11 Ann. Cas. 60, 11 L. R. A. (N. S.) 831; Patterson v. Carrel, 171 Mich. 296, 137 N. W. Rep. 158; Roth Tool Co. v. Champ Spring Co., 93 Mo. App. 530, 67 S. W. Rep. 967; Comber v. Hackett,, 6 Wis. 323, 70 Am. Dec. 467; Field v. Coppin, 65 Wash. 359, 118 Pac. Rep. 329, 36 L. R. A. (N. S.) 488; Mitchell v. Young, 80 Ark. 441, 97 S. W. Rep. 454, 117 Am. St. Rep. 96.

In O'Keefe v. Kennedy, 3 Cushing's Reports 325, a leading case in this country, the Supreme Court of Massachusetts, speaking through Chief Justice Shaw, said: "A lease creating a term for years is in its own nature assignable, and may therefore be transferred by the lessee to another; unless the lessee is restrained by covenant; but such a covenant, being in restraint of the legal operation of the instrument, is to be construed strictly. The lease in question did contain a restriction. There was a covenant on the part of the lessee not to assign, nor to underlet the whole or any part of the demanded premises, without the consent of the lessor first had and obtained in writing. The lessor did express his consent in writing that the lessee might underlet; but he now insists that this did not extend to assigning. The distinction is a narrow one, but we have not thought it necessary to consider it. The plaintiff relies on the ground of a waiver; and the question is, whether the defendant, by receiving rent from the plaintiff, with knowledge that he had become possessed of the lease and premises by assignment, had not thereby waived the restriction. The receipt for rent, given by the

defendant to the plaintiff, referring to the lease so as to identify it, was evidence to show that the defendant had knowledge of the assignment, and received the defendant as his tenant; and the fact was so found by the jury. The court are of opinion, that the direction was right, and that the defendant had waived his exception to the lessee's power to assign. Supposing that the breach of such covenant would be a breach of condition, and would give the lessee a right to reenter, it was a covenant made for his benefit, and gave him a right which he might waive. By receiving rent of the assignee, with a knowledge of the assignment, it seems to us very clear, that the lessor could not afterwards, consistently with good faith, assert his right to enforce the forfeiture for that cause.''

At this stage of the proceedings it is not considered necessary that the court enter upon a discussion of the proofs submitted. Upon the final hearing further and additional evidence may be offered and considered which will affect the result.

Upon the record now before the court, it does not appear that there was an abuse of judicial discretion in granting the temporary restraiinng order now under review. Gracy v. Fielding, 83 Fla. 386, 91 South. Rep. 373; Viser v. Willard, 60 Fla. 395, 53 South. Rep. 501; Holt v. Hillman-Sutherland Co., 56 Fla. 801, 47 South. Rep. 934; Savage v. Parker, 53 Fla. 1002, 43 South. Rep. 507; McKenne v. Dickenson, 24 Fla. 366, 5 South. Rep. 34; Allen v. Hawley, 6 Fla. 142.

Order affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.