KRELL *v.* COHEN.

1. VENDOR AND PURCHASER—FORFEITURE—WAIVER.

Attempted forfeiture or rescission by notice of a land contract may be waived and is waived by subsequent acts clearly inconsistent with an intent to exercise the right, such as the acceptance of interest upon a note given as part of the purchase price and the renewal of same and its subsequent payment.

2. SAME—PAYMENT OF NOTE—DUTY OF VENDOR—WAIVER.

Although a note given as part of the consideration of a land contract was a separate obligation, and was negotiable, it could not be enforced, after forfeiture or rescission, if it remained in the hands of the original parties, and if plaintiffs intended to insist on their forfeiture of the contract, it was their duty to refuse payment tendered thereon and return the note to defendants, and the acceptance of payment amounted to waiver of their right to forfeit.

3. SAME—FORFEITURE—EJECTMENT—PAYMENT OF TAX ON CONTRACT AFTER ACTION BEGUN.

In ejectment to recover the possession of land sold by plaintiffs on land contract, after notice of forfeiture for default, the trial judge was not in error in permitting plaintiffs, during the progress of the trial, to pay the tax on the land contract imposed by statute (1 Comp. Laws 1915, § 4268 *et seq.*) and afterwards receive the contract in evidence.

4. SAME—RIGHT TO FORFEIT WHILE IN DEFAULT ON TAX.

As to whether grantors could legally forfeit a land contract while they were in default in the payment of said tax,—*quære.*

Error to Wayne; Brown (William B.), J., presiding. Submitted April 13, 1921. (Docket No. 81.) Decided June 6, 1921.

Ejectment by Max Krell and another against Isadore Cohen and another. Judgment for defendants. Plaintiffs bring error. Affirmed.

*Edmund M. Sloman* (*Morris Garvett*, of counsel), for appellants.

*Daniel J. Alpert* (*A. Joseph Seltzer* and *Paul J. Wieselberg*, of counsel), for appellees.

BIRD, J. On March 15, 1919, plaintiffs purchased on contract the following described real estate in the city of Detroit for the sum of $51,500: Lot 4 north of Warren avenue; and lots 5, 6 and 7, Williams and DesNoyers sub-division of lots 2, 3 and 4 of sub-division of outlot 192, L. Beaubien farm. On June 24th of the same year they sold the premises on contract to defendants, Cohen, for $67,500. Plaintiffs received from the Cohens $8,000 in cash and a four-months note for $2,000, which the contract provided should be twice renewed upon payment of interest. The balance of the contract price to be payable in monthly installments of $450 each, including interest. The whole purchase price to be paid on or before 10 years from March 15, 1919.

Defendants went into possession of the premises upon which was situated a 16-apartment building. They made several payments, but soon thereafter fell into a dispute with plaintiffs over certain interior decorations which they had promised to make in the apartments, and refused to make further payments until plaintiffs made them. On September 4, 1919, plaintiffs served defendants with a notice of intention to forfeit their contract because of their failure to pay the August installment, and on October 24, 1919, they served a notice of forfeiture of the contract based upon the failure of defendants to make the August,

September and October payments. On November 22d they commenced this suit in ejectment to oust defendants from the premises. It was the claim of the plaintiffs on the trial that defendants had forfeited all their right to the premises under the contract and that they were entitled to the possession thereof and were entitled to retain all that had been paid thereon. These claims are based upon the following paragraph of the contract:

"It is mutually agreed between said parties that the said parties of the second part shall have possession of said premises on and after this date while they shall not be in default on their part in carrying out the terms hereof, taking and holding such possession hereunder, and shall keep the same in as good condition as they are at the date hereof until the said sum shall be paid as aforesaid; and if said parties of the second part shall fail to perform this contract, or any part of the same, said parties of the first part shall, immediately after such failure, have a right to declare the same void, and retain whatever may have been paid hereon, and all improvements that may have been made on said premises and may consider and treat the parties of the second part as their tenants holding over without permission, and may take immediate possession of the premises, and remove the parties of the second part therefrom."

After plaintiffs had made their case in the ejectment suit defendants offered several reasons why plaintiffs could not recover. Among them were the following:

(1) That plaintiffs had waived their notice of forfeiture by accepting payments on the consideration after giving such notice, and because they dealt with defendants with reference to taxes and other matters as though they still regarded the contract in force.

(2) That plaintiffs had not paid the tax on their contract under 1 Comp. Laws 1915, § 4268 *et seq.*, when the notice of forfeiture was given. Therefore,

under the statute, the notice of forfeiture was of no force.

It was also shown that defendants had, during the progress of the trial, paid into court the amount due upon the contract.

The trial court concluded the case in favor of defendants on the ground that plaintiffs could not forfeit the contract while the tax on the land contract was unpaid, and on the further ground that their dealings with defendants after the service of the notice of forfeiture was a waiver of it.

It is contended by defendants that the acts of plaintiffs with reference to the contract after the notice of forfeiture was served amounted to a waiver of it, and in support of this they point to the following acts: On October 24, 1919, plaintiffs renewed the $2,000 note and accepted the interest thereon. On February 21, 1920, plaintiffs notified defendants of the maturity of the note on February 24, 1920. On February 24, 1920, the $2,000 note was again renewed and interest paid. On June 24, 1920, the $2,000 note was paid together with the interest thereon. These payments were all received after notice of forfeiture and were made in pursuance of the terms of the contract. In addition to these acts defendants paid the taxes in December, 1919, and in July, 1920, with the knowledge and consent of the plaintiffs.

1. The rule has often been applied that any attempted forfeiture or rescission by notice may be waived and is waived by subsequent acts clearly inconsistent with an intent to exercise the right. 39 Cyc. p. 1396. The rule has been applied in this State as the following cases will show: *Old Second National Bank* v. *Savings Bank*, 115 Mich. 548, 553; *Maday* v. *Roth*, 160 Mich. 291; *Barber* v. *Stone*, 104 Mich. 90; *Patterson* v. *Carrel*, 171 Mich. 296.

We are impressed with defendants' contention that plaintiffs' acts in accepting these payments on the note and renewing it in accordance with the contract indicated an intention to be bound by its terms. It would be difficult to conceive how honest men could have accepted these payments unless they had, at the same time, intended to waive the notice of forfeiture, and it is morally certain that defendants would never have made the payments had they understood that plaintiffs were going to insist upon their notice. At any rate, the law must assume that plaintiffs intended what their acts clearly indicated, namely: That they were going to abide by the contract.

But it is argued by plaintiffs that the acceptance of payment of the $2,000 note has no bearing upon the question as the note was a negotiable instrument and was a complete and separate contract in itself. It is perhaps true that it was a separate obligation, but it grew out of and was a part of the consideration of the land contract and, if it remained, as it did, in the hands of the original parties it could not be enforced after forfeiture or rescission. If plaintiffs had intended to insist upon its notice of forfeiture they should have tendered the note to defendants (*Comstock* v. *Brasseau,* 65 Ill. 39), and under all equitable rules should have refused payment thereon. We think the trial court was unquestionably right in its conclusion on the question of waiver.

2. The trial court was in no error in permitting plaintiffs to pay the land contract tax imposed by the statute (1 Comp. Laws 1915, § 4268 *et seq.*), and after doing so it was proper to admit the contract in evidence. *Nelson* v. *Breitenwischer,* 194 Mich. 30; *Rodenhouse* v. *DeGolia,* 198 Mich. 402. Upon the question whether plaintiffs could legally forfeit the contract while they were in default in payment of the

tax, we express no opinion. We prefer to rest our decision solely on the ground of waiver.

The judgment of the lower court is affirmed, with costs of both courts to defendants.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.