BALESH *v.* ALCOTT.

1. Vendor and Purchaser—Vendor's Remedies on Vendee's Default.
   Upon default by vendee in land contract, vendor may bring suit in equity to foreclose contract, bring action of ejectment, or proceed under statute (3 Comp. Laws 1929, § 14975).

2. Same—Notice to Quit and of Forfeiture May be Waived.
   Notice to quit and of forfeiture may be waived by vendee in default on land contract.

3. Same—Vendor May Not Bring Inconsistent Suits.
   On vendee's default, vendor may declare contract forfeited and bring summary proceedings for possession, or file bill for foreclosure of contract, but not both, since one action proceeds on theory that contract is ended, and other on theory that it is in force.

4. Same—Forfeiture Binding on Vendor.
   Where notice to quit and of forfeiture was waived by contract, it was unnecessary for vendor to serve written declaration of forfeiture, but any unequivocal act amounting to forfeiture would be binding on vendor.

5. Same—Forfeiture May be Waived.
   Forfeiture of contract may be waived by vendor.

6. Same—When Forfeiture Waived.
   Commencement of suit for foreclosure of vendor's lien is waiver by vendor of prior forfeiture.

7. Same—Vendor May Not Waive Forfeiture Without Consent of Vendee.
   Vendor, who forfeited contract by commencement of summary proceedings before circuit court commissioner, may not waive said forfeiture by bringing suit in equity for foreclosure and deficiency decree without consent of vendee.

Appeal from Kent; Dunham (Major L.), J.   Sub-
mitted January 20, 1932.   (Docket No. 217, Calendar
No. 36,302.)   Decided March 2, 1932.

Bill by Margaret Balesh against Fred H. Alcott
and others to foreclose a land contract.   Decree for
plaintiff.   Defendants Alcott and McLaughlin ap-
peal.   Reversed, and bill dismissed.

*Elvin Swarthout,* for plaintiff.

*Pleasant I. Phillips,* for defendants Alcott.

*Horace T. Barnaby,* for defendant McLaughlin.

POTTER, J.   This is a bill to foreclose a land con-
tract and recover judgment for deficiency against
defendants.   From a decree for plaintiff, defendants
Alcott and McLaughlin appeal.   Plaintiff sold the
land in question to Fred H. Alcott and Minnie Al-
cott, husband and wife, by written contract dated
August 29, 1930.   Alcott and wife quitclaimed their
interest as vendees to George L. Plumton May 8,
1931.   Plumton sold his interest therein by assign-
ment of land contract to O. M. McLaughlin June 10,
1931, which assignment states, "The said Owen. M.
McLaughlin hereby agrees to fulfill all the condi-
tions set forth in the annexed instrument."   Mc-
Laughlin assigned to Robert Pearson July 21, 1931.
The contract of sale provided vendees might take
possession at once and remain thereon, "as long as
they shall perform all the covenants and agreements
herein mentioned on their part to be performed, and
no longer."   In case of unavoidable delay in making
payments vendees had fifteen days of grace in mak-
ing such delayed payments, but not more than two
such periods of grace or two delayed payments in

one year. If vendees violated or neglected to fulfil any of the covenants or agreements they should forfeit all right or claim under the contract. Notice to quit and forfeiture were waived. The contract declared, "time shall be deemed as of the very essence of this contract." June 10, 1931, complaint was made to Edward L. Eardley, circuit court commissioner, against George L. Plumton to recover the lands and premises pursuant to the provisions of chapter 30, Act No. 314, Pub. Acts 1915, 3 Comp. Laws 1929, § 14975.

Upon default made by vendees in the terms of the land contract, three actions were open to the vendor: A suit in equity to foreclose the contract, an action of ejectment, proceedings under the statute last above cited. *Lambton Loan & Investment Co.* v. *Adams,* 132 Mich. 350. Notice to quit and notice of forfeiture may be waived. *Welling* v. *Strickland,* 161 Mich. 235. Plaintiff had an election of remedies at the time the default occurred on the part of the assignee of the vendees. She could declare the contract forfeited and begin summary proceedings under the statute above mentioned, or she could file a bill for the foreclosure of the contract. The one would proceed upon the theory the contract was at an end; the other upon the theory the contract was in force. She could not do both. She could not elect to declare the contract forfeited, and declare the same to be in force. She could not in one proceeding take the position it was void, and in another proceeding it was valid. She could not declare the contract out of existence in one lawsuit and in existence in another. It was unnecessary to serve a written declaration of forfeiture where notice to quit and notice of forfeiture were waived. If she performed any positive and unequivocal act which indicated she

treated the contract as at an end, she would be bound thereby.

"The law requires some positive act by the vendor manifesting his intention to rescind or forfeit the contract. Acts evincing an unmistakable intent to rescind amount to an election to rescind, as for instance, the bringing of an action of trespass to try title, a recovery of the land by action brought for that purpose, or a sale of the property to a third . party." 39 Cyc. p. 1383.

This is what plaintiff did in this case. Subsequently, August 19, 1931, she apparently changed her mind, and filed the bill in this case for the purpose of foreclosing the land contract and recovering a judgment against defendants for deficiency. There is no question but a forfeiture may be waived. *Krell v. Cohen,* 214 Mich. 590. Commencement of suit for foreclosure of a vendor's lien is a waiver by vendor of a prior forfeiture. *Old Second Nat. Bank* v. *Alpena County Savings Bank,* 115 Mich. 548. Plaintiff commenced suit before the circuit court commissioner, and at the time of the commencement of this suit that case was pending. It is nòt a question in this case of vendor's waiving prior forfeiture. This is a question affecting the vendee.

"Vendee claims the forfeiture as continuing and vendor asserts it was waived and the contract reinstated by commencement of this action. Waiver is a relinquishment, not a conservation of rights. It prevents, not permits, assumption of and choice between inconsistent positions. It would be a novel and unjustifiable extension of the doctrine of waiver to permit a vendor to forfeit a land contract, discharge the obligations of both himself and the vendee, and, at a future time when the exigencies might work in his favor thereby, reinstate the con-

tract and its liabilities by his own act, without the consent or acquiescence of the vendee." *Chicago Boulevard Land Co.* v. *Apartment Garages,* 245 Mich. 448.

This is what the vendor, against the appellants' objections, seeks to do. It cannot be done. The decree of the trial court is reversed, and the bill of complaint dismissed, with costs.

CLARK, C. J., and MCDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.