STATE HIGHWAY COMMISSIONER v. GIBSON.
SAME v. RUTTAN.
SAME v. STRAGEA.
SAME v. KERR.
SAME v. SPEED.

1. VENDOR AND PURCHASER—INCONSISTENT REMEDIES—EMINENT DO-MAIN—APPORTIONMENT OF AWARD.

Rule that on vendee's default the vendor may declare the contract forfeited and bring summary proceedings for possession or file a bill for foreclosure of the contract, but not both, has no application in interpleader suit by condemnor of reciprocal negative easements against vendor and various vendees of lots in subdivision to determine to whom awards should be paid since vendors who have forfeited contracts are merely seeking the awards because their security has been decreased by the condemnation proceedings rather than a deficiency judgment against the vendees.

2. EMINENT DOMAIN—CONDEMNATION OF WHOLE PROPERTY—PARTICIPATION OF MORTGAGEE IN AWARD.

Where whole of mortgaged land is taken in condemnation proceedings, mortgagee is entitled to so much of entire award as is necessary to satisfy his indebtedness.

3. SAME—CONDEMNATION OF PART OF PROPERTY—PARTICIPATION OF MORTGAGEE IN AWARD.

Where only a part of mortgaged property is taken in condemnation proceedings, the mortgagee is entitled to only so much of the award as is necessary to compensate him for his interest in the part taken, participation by the mortgagee being based on the fact that since the parties are powerless to prevent the taking and the mortgagee loses his lien. upon the part taken, the award stands in lieu thereof and since the mortgage does not cover the award it operates as an equitable lien thereon.

4. SAME—CONDEMNATION OF PART OF PROPERTY—PARTICIPATION BY LAND CONTRACT VENDOR IN AWARD AFTER FORFEITURE.

Where only a part of property previously sold on land contract is taken in condemnation proceedings the vendor's security

is lessened, and where the vendee fails to make his payments, the contract is forfeited, judgment for possession is given to the vendor, and award made is less than balance due on the contract at time of such judgment, the vendee has no interest in any part of the award.

.5. SAME—CONDEMNATION OF PART OF PROPERTY—PARTICIPATION BY LAND CONTRACT VENDOR IN AWARD WHILE CONTRACT IS EXECUTORY.

Vendor of land of which only a part was taken in condemnation proceedings is entitled to entire award where it was less than balance due under contract, subject to right of vendee to have amount of award applied upon balance due as of the date of payment of the award.

6. INTEREST—PREVENTION OF PAYMENT OF DEBT BY INTERPOSITION OF LAW.

Interest will not run where a certain sum is due and payment of sum due is prevented by interposition of law and through no fault of the debtor.

7. EMINENT DOMAIN—CONDEMNATION OF PART OF PROPERTY—INTER-PLEADER—INTEREST.

The State highway commissioner is not required to pay interest upon awards made for condemnation of part of property previously sold on land contracts where he was ready and willing to make payment but was prevented from doing so by the vendors and vendees and bill of interpleader was necessary in order to determine who was entitled to awards.

Appeal from Oakland; Doty (Frank L.), J. Submitted January 6, 1944. (Docket Nos. 55–59, Calendar. Nos. 42,096–42,100.) Decided February 24, 1944.

Separate bills of interpleader by Murray D. Van Wagoner, State Highway Commissioner, against Lambrecht-Kelly Company, a Delaware corporation, and Claud R. Tromley and wife, as land contract vendors, James Gibson and wife, George Ruttan and wife, Mihai Stragea and wife, Jean Quick Kerr, and Andrew L. Speed, as land contract vendees, and others to determine interest in condemnation awards. In each case cross bills were filed setting up the claims of the defendants in that particular case. Decree for defendants Lambrecht-Kelly Com-

pany and Claud R. Tromley and wife and their attorneys. Defendant land contract vendees and their attorney appeal. Affirmed.

*William H. Wilmot (Robert D. Heitsch,* of counsel), for defendants and appellants.

*Earl L. Phillips,* for defendants and appellees.

SHARPE, J. This is a suit in chancery to determine the respective rights of vendors and vendees on land contracts in condemnation awards. Five cases were consolidated and tried as one case.

The material facts are not in dispute. The Michigan Investment Company, also identified as the Lambrecht-Kelly Company, Claud R. Tromley, and Margaret Tromley, his wife, hereinafter referred to as vendors, subdivided a piece of property known as Starr Acres subdivision. The negative reciprocal easements in lots hereinafter listed were condemned in proceedings growing out of the widening of Woodward avenue and the relocation of the Grand Trunk Western Railroad Company's right of way. The determination of necessity for the taking of the property was made October 14, 1929, but the commissioners' report of awards and the probate court order confirming them were not made until February, 1935.

The history of the property, material to the issue involved, is as follows:

"Lots 342, 343, 257 (357) and 258 (358), sold on land contract to defendants, Mihai Stragea and Kate Stragea, his wife, March 5, 1923. Purchase price $4,950, payable in 5 years. Judgment for possession before circuit court commissioner September 28, 1934. Principal and interest found due, $2,795.16. No redemption. Writ of restitution issued April 16,

1935.  Condemnation award, $1,100.50.  Balance due on contract, October 14, 1929, $2,738.61.  Balance due February 19, 1935, $2,437.40.

"Lots 367 and 368 sold on land contract to defendants, George Ruttan and Clara Ruttan, his wife, July 21, 1925.  Purchase price $2,840, payable in 5 years.  Judgment for possession before circuit court commissioner April 12, 1939.  Principal and interest found due, $1,878.83.  No redemption.  Writ of restitution issued 7/18/39.  Condemnation award—lot 367, $765; lot 368, $807.50—totaling $1,572.50.  Balance due October 14, 1929, $1,731.47.  Balance due February 19, 1935, $1,366.13.

"Lot 261 sold on option land contract to defendant, Jean Quick Kerr, May 26, 1926.  Contract given October 6, 1927.  Purchase price, $2,210, payable in 5 years.  Judgment for possession before circuit court commissioner September 28, 1934.  Principal and interest found due $1,648.03.  No redemption.  Writ of restitution issued April 16, 1935.  Condemnation award, $391.  Balance due October 14, 1929, $1.767.24.  Balance due February 2, 1935, $1,538.31.

"Lots 256, 257 and 258, sold on land contract to defendants, James Gibson and Martha Irene Gibson, his wife, December 12, 1925.  Purchase price, $3,650, payable in five years.  Judgment for possession before circuit court commissioner August 24, 1934.  Principal and interest found due, $2,381.11.  No redemption.  Writ of restitution issued November 24, 1934.  Condemnation award: Lot 256, $55; 257, $65; 258, $352—totaling $472.  Balance due October 14, 1929, $2,205.39.  Balance due February 19, 1935, $1,958.42.

"Lot 297 sold on land contract to defendants, Gibson and wife, November 11, 1925.  Purchase price, $775, payable in 5 years.  Judgment for possession before circuit court commissioner.  August 24, 1934.  Principal and interest found due, $384.44.  No redemption.  Writ of restitution issued November 24, 1934.  Condemnation award, $95.  Balance due Oc-

tober 14, 1929, $1,767.24. Balance due February 19, 1935, $1,538.31.

"Lots 324 and 325 sold on separate land contracts to Andrew L. Speed, both contracts dated May 11, 1925, and each for the sum of $775. Last payment on lot 324 February 11, 1932. Balance of principal $245.25 and interest from said date. Last payment on lot 325 February 11, 1932. Balance of principal $274.99 and interest from said date. No foreclosure on either land contract. Condemnation awards: Lot 324, $203.05; lot 325, $200, totaling $403.05. Balance due on lot 324, October 14, 1929, $390.18. Balance due on February 19, 1935, $245.25. Balance due on lot 325, October 14, 1929, $378. Balance due February 19, 1935, $272.99."

On May 12, 1938, the State highway commissioner filed a bill of interpleader in the circuit court of Oakland county, in chancery, for a determination of the party or parties to whom the awards for lots 256, 257, 258, and 297 should be paid. The vendors filed an answer and cross bill of complaint in which they ask that equitable liens be decreed on the whole amount of the awards in favor of the vendors. Defendants James Gibson, Martha Irene Gibson and William H. Wilmot filed an answer to the cross bill of vendors and a cross bill in which they asked that they be decreed to be the owners of the whole amount of the awards allowed for the property in which they had a vendees' interest. A stipulation was filed that the pleadings of all former vendees are the same except as to the name of the land contract purchaser, number of lot condemned and amount of award. A separate answer and cross bill was filed for Andrew L. Speed and William H. Wilmot. All of the vendees in the land contracts seek a decree for the full amount of the awards.

The trial court found as a fact that at the date of the awards none of the properties were worth the

balance due on the contracts, the value having depreciated from one-half to two-thirds of the balance due. The trial court held that the vendors are entitled to the whole of each award without interest, subject to the right of defendant Speed, to have the amount of the awards on his lots applied upon the balance owing upon his land contracts as vendee for the purchase of said lots.

Appellants urge that a land contract vendor may not recover any of the purchase price mentioned in a land contract after he has declared forfeiture and cite *Balesh* v. *Alcott*, 257 Mich. 352, as authority for such claim. There can be no dispute about this theory of the law, but it has no application to the issue involved in this case. In the *Balesh Case* we held that a vendor who forfeited a contract by commencement of summary proceedings before a circuit court commissioner may not waive such forfeiture by bringing suit in equity for foreclosure and deficiency decree without the consent of the vendee. In the case at bar, the vendors do not seek a deficiency judgment against the vendees. They seek the award because their security has been decreased by the condemnation proceedings.

*In the Matter of the Petition of Dillman*, 276 Mich. 252, the State highway commissioner began proceedings to condemn a reciprocal negative easement in connection with the widening of Woodward avenue and relocation of the right of way of the Grand Trunk Railway. The Metropolitan Life Insurance Company had a mortgage on the property some two years prior to the determination of necessity. The mortgage was foreclosed and the insurance company purchased the property on the foreclosure sale on September 10, 1934, for $2,998.67 leaving a deficiency of $464.86. The report of commissioners fixing compensation for the taking of the property was

made August 13, 1935. The problem in the above case was whether the insurance company as mortgagee could share in the award to the amount of its deficiency judgment. We quote from that case as follows:

" 'Thus, where the whole of the mortgaged land is taken in the proceedings, the mortgagee is entitled to the entire award or at least to so much of it as is necessary to satisfy the mortgage indebtedness.' 58 A. L. R. 1534, note.

"This rule was adopted in *City of Detroit* v. *Fidelity Realty Co.*, 213 Mich. 448.

" 'Where only a part of mortgaged property is taken in eminent domain proceedings, the mortgagee is entitled, generally speaking, to only so much of the award as is necessary to compensate him for his interest in the part taken.' 58 A. L. R. 1539, note. * * *

"The underlying theory of the right of a mortgagee to part or all of the award is that, as the parties are powerless to prevent the taking of the property by the public and the mortgagee loses his lien upon the part taken, the award equitably stands in the place of the land taken; and, as the mortgage does not cover the award in law, it is held to operate as an equitable lien thereon. This results in two separate incumbrances, the legal mortgage lien on the remainder of the land and the equitable mortgage lien on the award."

The same reasoning should hold true as to vendors in a land contract. The vendor was powerless to prevent the taking of the property by the public, his security was lessened, and he lost all interest in the property condemned. We conclude, as in the Stragea, Kerr and Gibson contracts, that where a vendee fails to make his payments on a land contract, and the contract is forfeited and a judgment for posses-

sion is given to the vendor prior to the condemnation award, and where the amount of the award due is less than the balance due on the contract on the date that the writ of restitution is issued, then the vendee named in the contract has no interest in any part of the award; or, as in the Ruttan contract, if the unpaid balance due on the contract at the time the writ of restitution is issued is greater than the amount of the award, the contract vendee has no interest in the award.

The facts in the Speed case are different than in the other cases in that no proceedings were taken to terminate the land contract, but they are similar in that the amount of the awards is less than the balance due on the contracts. The trial court held that the vendors were entitled to the entire amount of the awards subject to the right of the vendee to have the amount of the awards applied upon the balance due on the contracts as of the time of payment of the awards. The trial court came to the correct conclusion. It was an equitable result. If the vendee elects to continue making his payments on the contracts, he has not been harmed as he will be given credit for the amount of the awards, or if a judgment for possession is given to the vendors, then the vendors will be compensated for their loss of security.

In all of the awards the trial court denied interest on the awards.

In 30 Am. Jur. p. 43, § 53, the general rule is announced as follows:

"It is usually held that where a certain sum is due and by the interposition of the law the payment thereof is prevented through no fault of the debtor, interest will not run during the time the debtor is prevented from making payment, because in such a case he will not be deemed to be in default."

In the case at bar, the State highway commissioner was ready and willing to make payment, but was prevented from doing so by the claims of defendants. It became necessary for him to file a bill of interpleader to determine who was entitled to the awards. In such cases no interest will be allowed on the awards.

The decree of the trial court is affirmed. The vendors may recover costs as against the vendees named in the land contracts.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSH-NELL, BOYLES, and REID, JJ. concurred.