Marion C. SHIPLEY, Plaintiff in Error,

v.

BANKERS LIFE AND CASUALTY COM-
PANY, an insurance corporation,
Defendant in Error.

No. 39820.

Supreme Court of Oklahoma.
Dec. 4, 1962.

Rehearing Denied Jan. 8, 1963.

Crowe, Thieman & Froeb, Tulsa, for
plaintiff in error.

Kothe, Hall, Jones & Sublett, Tulsa, for
defendant in error.

BERRY, Justice.

The parties who occupy the same rela-
tive position here as in the trial court, will
be referred to herein as they appeared in
the trial court.

In so far as material, plaintiff pleaded in
his second amended petition that on June
1, 1954, defendant owned and thereafter
owned certain described property in Ok-

mulgee, Oklahoma, which was used and continued to be used for hotel apartment purposes; that on the mentioned date, defendant entered into a contract in writing by the terms of which it agreed to sell to Heavener Hotel, Inc., hereafter referred to as "Heavener", the property for a stipulated consideration payable at the rate of $900.00 per month, together with interest; that upon payment of ⅓ of the purchase price, Heavener would be entitled to a deed upon giving a mortgage covering the balance owing upon said price; that upon Heavener's default, defendant would be entitled to retain, as rentals and liquidated damages, all payments made on purchase price and to immediate possession of the property; that a copy of the contract was attached to and made a part of the petition; that Heavener assigned its interest in the contract to Western Building Corporation, hereafter referred to as "Western", who was also a defendant below, and that the latter corporation was operating the property on May 15, 1960, on which date plaintiff, who was a tenant, sustained bodily injuries; that the injuries resulted from the automatic or self-service elevator used therein being faulty and defective, which condition had existed on and since June 1, 1954; that it was within defendant's power "to control the continuation or discontinuation of the dangerous and unsafe condition" of the property; that the corporation which operated the property "had minimum capitalization and were without substantial assets"; that the "contract for deed has been in default substantially since its inception, the balance due thereon on July 1, 1960, being $169,283.23, while if all payments were made pursuant to the terms of the contract, the balance on said date would be $118,433.50"; that in 1958 defendant and Western agreed upon a 4-month "moratorium on payments * * * between defendants, for the purpose of providing funds to purchase equipment and make alterations in the building"; that as a result of the injuries plaintiff sustained damages in a stated amount.

It was provided in the contract for sale that possession of the property would be delivered to the buyer on June 1, 1954; that buyer would "keep all buildings and improvements of every kind and nature in good repair at his own cost and expense, free of any obligations on behalf of the first party and shall not permit any liens or encumbrances on the said premises"; that buyer would provide insurance on property and would pay all taxes assessed against same; that buyer had the right to lease or sub-let the property without the written consent of defendant; that buyer would not "build or erect any improvements on the said premises without the written consent of the first party."

Defendant interposed a demurrer to plaintiff's second amended petition which was sustained. Upon plaintiff's electing to stand upon the allegations of the petition, his action was dismissed. From order of dismissal, plaintiff perfected this appeal.

The plaintiff states in his brief that his theory and position is this:

"The rule is that if an owner sells real estate and parts with possession and title, he is not thereafter liable. The defendant, Bankers Life and Casualty Company, has not sold the property and it has not parted with title, and therefore, unless some other intervening fact shields it from liability, it is responsible for plaintiff's injuries."

Plaintiff argues, citing Lansford v. Gloyd, 89 Okl. 232, 215 P. 198, and other cases from this jurisdiction, that since the contract here involved was "for sale" of the property and not a sale thereof, defendant continued to own the property and the purchaser acquired no title thereto; that, citing 51 C.J.S. Landlord and Tenant §§ 1 and 202e(4), pp. 509 and 808, Heavener and Western were in fact defendant's tenants; that since defendant knew that the property would be used for a public purpose and since the defect in the elevator, which resulted in plaintiff's injuries, existed on date that contract was entered into, defendant is responsible for plaintiff's

injuries. In support of the last mentioned contention, plaintiff cites and stresses Tulsa Entertainment Co. v. Greenlees, 85 Okl. 113, 205 P. 179, 22 A.L.R. 602. He also cites 32 Am.Jur. "Landlord and Tenant", Sec. 667, p. 533, and 52 C.J.S. Landlord and Tenant § 435, p. 112.

We are unable to agree that the relationship existing between defendant and those taking possession under the contract was that of landlord and tenant. See Whale v. Pearson et al., 201 Okl. 619, 208 P.2d 552, and cited cases to effect that under a contract for sale of real property vendee has such an interest therein that action for forceable entry and detainer will not lie. Also Whitehurst v. Ratliff, 198 Okl. 639, 181 P.2d 545, to effect that where time is not of the essence of a contract for sale of property, vendor, upon breach of contract by vendee, must give latter notice of termination of contract before vendor may maintain an action in ejectment for the property. Plaintiff does not here claim that defendant elected to terminate contract because of default in the provisions thereof. In passing, we note that Heavener and Western agreed to pay taxes assessed against the property and to keep same in repair. As a rule, a tenant does not assume such obligations and duties.

The relationship existing between the entity operating the ball park and the owner thereof in Tulsa Entertainment Co. v. Greenlees, supra, was that of landlord and tenant. This serves to distinguish the case from the instant case.

In Lander et al. v. Hornbeck, 74 Okl. 239, 179 P. 21, it was held in substance that while the owner of a building who had leased floors or rooms to different tenants but who had retained control and management of the elevator in the building, was responsible for an injury resulting from negligent management, operation or use of the elevator, he was not responsible if absolute management and control of the elevator rested in tenant. In the body of the opinion we quoted from 9 R.C.L. § 16, p. 1250 to the effect that "Where the owner of a building leases different floors or rooms to different tenants, but retains the control and management of an elevator in the building, he is responsible for injuries to tenants, their employés, and such other persons as may lawfully use the elevator. But if the tenant has the sole control and management of an elevator in a leased building, he, not the landlord, must give warning and look out for the safety of the persons whom he invites to use the elevator." In the third paragraph of the cited case this was said:

"But in such case, if the elevator is in the absolute control of the tenant, the owner is not liable. The evidence examined, and *held*, same insufficient to sustain the contention that the elevator was in the absolute control of the tenant."

For other authority see Annotated Notes beginning at p. 218, 8 A.L.R.2d.

In the instant case, Heavener and Western admittedly had exclusive possession, management and control of the property and the elevator for approximately six years prior to date of the injury. Moreover, they and not defendant were under a duty to maintain the property and repair the elevator. In view of said facts we are of the opinion that defendant was not responsible for the condition which plaintiff pleaded caused the bodily injuries for which plaintiff seeks damages.

For reasons stated, we are of the conviction that the trial court did not err in sustaining defendant's demurrer to plaintiff's petition, and dismissing plaintiff's action.

Affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, HALLEY, JOHNSON and JACKSON, JJ., concur.

DAVISON and IRWIN, JJ., concur in result.