491 P.2d 178

August L. **HEISEL** and Avis Heisel, husband and wife, Plaintiffs-Appellants,

v.

La Von G. **CUNNINGHAM** and Carol Cunningham, husband and wife, Defendants-Respondents.

No. 10806.

Supreme Court of Idaho.

Dec. 1, 1971.

Lawrence H. Duffin, Burley, for plaintiffs-appellants.

Parsons & Smith, Burley, for defendants-respondents.

DONALDSON, Justice.

The defendants-respondents, La Von G. Cunningham and Carol Cunningham, husband and wife, hereinafter called purchasers, are in possession of certain realty, an acreage with improvements, under a contract of sale entered into with the plaintiffs-appellants, August L. Heisel and Avis Heisel, husband and wife, hereinafter called sellers. The sellers brought suit against the purchasers for forfeiture of the contract, attorney's fees, and quieting of title, alleging a breach of a covenant to keep in good condition of repair the buildings and improvements on the property. The district court granted a summary judgment in favor of the purchasers, and the sellers appeal from the entry of the summary judgment.

On March 7, 1969, the sellers mailed to the purchasers a notice of intention to forfeit the contract because of the purchaser's failure to maintain properly the buildings and other improvements on the premises. The time allowed for correction of the alleged default expired April 7, 1969.

On April 23, 1969, the sellers brought this action for forfeiture of the contract, attorney's fees, and quieting of title.

In November of 1969, the purchasers paid the annual installment which was then due under the contract, and this payment was accepted by the sellers. In November of 1970, the purchasers also paid the annual installment which was then due; this, too, was accepted by the sellers.

The trial court granted summary judgment in favor of the purchasers on the ground that the sellers' acceptance of annual contract payments—which became due subsequent to declaration of forfeiture and

institution of suit—constitutes a bar to the sellers' action as a matter of law. In doing so, the court in its memorandum decision stated: "In my opinion the plaintiffs cannot have their forfeiture and the money, too."

■ The sole question presented by this appeal may be stated as follows: Did the sellers—by accepting benefits under the contract after notice of forfeiture and commencement of action—waive their right of forfeiture?

■ The precise question for decision is one of first impression in Idaho, but we are guided by the decisions of other jurisdictions and by the principle that forfeitures are abhorrent to the law, and all intendments are against them. Dohrman v. Tomlinson, 88 Idaho 313, 399 P.2d 255 (1965); Graves v. Cupic, 75 Idaho 451, 272 P.2d 1020 (1954). In Hill v. Wilkinson, 60 Idaho 243, 250, 90 P.2d 696, 699 (1939), the Court, in holding that a seller waives the right to declare a forfeiture by *demanding* payment under the contract, reasoned as follows:

> "It was agreed time was the essence of the land sale contract; that in the event respondent failed to make any payment when the same became due, he would forfeit all payments made, as liquidated damages. Upon the failure of respondent to make any payment required by the terms of the contract, whether taxes, water assessments, interest or installments, appellant Wilkinson could, as he well knew, declare a forfeiture. Instead of doing that, after he claims [sic] respondent defaulted, he chose to and did demand payment of the delinquent taxes and water assessments. If respondent was under any obligation whatever to make the payments demanded, it was by reason of the terms of the land sale contract. And, of course, if the contract was no longer in force, by reason of the alleged default, appellant Wilkinson would have no right to demand payment of delinquent taxes and water assessments. Therefore, by demanding payment, Wilkinson necessarily recognized and ex-

pressly treated the contract as still being in full force and effect, thereby waiving the default. The contract could not be both void and in full force and effect at one and the same time. A vendor waives the right to rescind a contract by demanding payment."

We think that a fortiori a vendor waives his right to forfeit the contract by *accepting* payments which became due after notice of default and institution of suit.

■ This view is supported by the decisions of other states. In Einot, Inc. v. Einot Sales Co., 154 Neb. 760, 49 N.W.2d 625 (1951), rehearing denied, 155 Neb. 323, 51 N.W.2d 791 (1952), the Supreme Court of Nebraska held that the acceptance of benefits accruing under a contract after declaration of forfeiture and commencement of suit waived the right to claim a forfeiture under the declaration. *See also* Credit, Inc. v. Kutzik, 280 Minn. 272, 159 N.W.2d 277 (1968) (acceptance of payment on contract after completion of statutory proceedings to cancel contract constituted a waiver of forfeiture). A forfeiture is waived where the seller, after serving on the purchaser a notice of forfeiture, accepts some payment on the contract. Babb's, Inc. v. Babb, 169 N.W.2d 211 (Iowa 1969); Krell v. Cohen, 214 Mich. 590, 183 N.W. 53 (1921); Trujillo v. Collins, 477 P.2d 820 (N.M.1970); Annot., 107 A.L.R. 345, 407 (1937); 55 Am.Jur. Vendor & Purchaser § 631 (1946); *see also* Whale v. Pearson, 201 Okl. 619, 208 P.2d 552 (1949). The reason for this rule was well expressed in Krell v. Cohen, *supra*:

> "It would be difficult to conceive how honest men could have accepted these payments unless they had, at the same time, intended to waive the notice of forfeiture, and it is morally certain that defendants would never have made the payments had they understood that plaintiffs were going to insist upon their notice." 183 N.W. at 54.

■ The sellers cite Walker v. Nunnenkamp, 84 Idaho 485, 373 P.2d 559 (1962), and urge that their suit be treated as one

for foreclosure. However, the sellers filed this action and in their complaint asked "for a decree of forfeiture of said contract" and not for a decree of foreclosure of the contract. Forfeiture and foreclosure are two very different and distinct remedies. The Court in *Nunnenkamp* recognized this (quoting from Annot., 77 A.L.R. 270, 274):

> "An action for strict *foreclosure* is not in the nature of an attempt to enforce a *forfeiture*. It treats the contract as in full force and effect. The plaintiff offers to perform his covenant, and asks that the defendant be required to perform his, and it is only in case of failure to perform within a time to be fixed by the court that the plaintiff asks that the contract and the defendant's rights thereunder be foreclosed. In case the defendant comes in and pays up all amounts due, the contract remains in full force exactly as though there had never been any default in payment." 84 Idaho at 495, 373 P.2d at 565. (emphasis added).

As stated by the Supreme Court of Oregon in Grider v. Turnbow, 162 Or. 622, 94 P.2d 285, 293 (1939):

> "There is this apparent distinction between the effect of the vendor's declaring a forfeiture and his institution of a suit for strict foreclosure: In the former instance he treats the contract as at an end and the vendee as no longer having any interest in the property, while by availing himself of the latter remedy he recognizes the vendee's interest as continuing until foreclosed by the decree in his suit."

The case at bar is a suit for forfeiture, and since we hold that a vendor cannot claim forfeiture of the contract and subsequently accept the purchase money pursuant to the terms of the contract, the trial court did not err in granting summary judgment to the purchasers.

Judgment affirmed. Costs to respondents.

McQUADE, C. J., McFADDEN and SHEPARD, JJ., and MAYNARD, District Judge, concur.