COLBY v TOBBA, INC

Docket No. 77180. Submitted August 8, 1985, at Lansing.—Decided October 22, 1985.

Plaintiffs, Robert D. and Geraldine E. Colby, brought an action in the Genesee Circuit Court against defendant, Tobba, Inc., to foreclose a land contract. The court appointed a receiver, entered a judgment of foreclosure and ordered a sale. Prior to the entry of judgment, the receiver made certain payments to the plaintiffs on the contract. The sale was held and, after the period of redemption had expired, the court, Earl E. Borradaile, J., confirmed the sale. Defendant appealed, alleging that acceptance by the plaintiffs of the payments made by the receiver waived the foreclosure and reinstated the land contract. *Held:*

1. Acceptance of payments by a land contract vendor from a court-appointed receiver for the vendee during the pendency of a foreclosure action does not waive the foreclosure and reinstate the land contract.

2. The trial court correctly concluded that no surplus from the sale existed.

Affirmed.

VENDOR AND PURCHASER — FORECLOSURES — RECEIVERS — WAIVER — REVISED JUDICATURE ACT.

Acceptance of payments by a land contract vendor from a court-appointed receiver for the vendee during the pendency of a foreclosure action does not waive the foreclosure and reinstate the land contract (MCL 600.2926, 600.2927, 600.3110; MSA 27A.2926, 27A.2927, 27A.3110).

*Anagnost & Hall, P.C.* (by *Christ A. Anagnost),* for plaintiff.

*George Killeen,* for defendant.

REFERENCES FOR POINTS IN HEADNOTE
Am Jur 2d, Vendor and Purchaser §§ 404 *et seq.*
Sufficiency of tender of payment to effect defaulting vendee's redemption of rights in land purchased. 37 ALR4th 286.

Before: Hood, P.J., and D. E. Holbrook, Jr., and
D. P. Kerwin,* JJ.

Per Curiam. This action arises from defendant's
default on a land contract. Defendant is appealing
as of right from the order of confirmation of the
foreclosure sale of the property. On appeal defen-
dant argues that plaintiffs' acceptance of payments
by a court-appointed receiver constituted a waiver
of the initial foreclosure and that it is entitled to
credit for all payments made during the forefei-
ture period. We find defendant's arguments to be
without merit and affirm the trial court.

Defendant argues that acceptance of payments
from the court-appointed receiver waived the fore-
closure and reinstated the land contract. Defen-
dant's argument is based upon *Krell v Cohen,* 214
Mich 590; 183 NW 53 (1921), and *Rubenstine v
Powers,* 215 Mich 434; 184 NW 589 (1921). How-
ever, those cases were decided under the law as it
existed under the Judicature Act of 1915. That act
was repealed, effective January 1, 1963, by the
Revised Judicature Act, 1961 PA 236. Additionally
we note that defendant as not the one who made
the payments: rather, it was the court-appointed
receiver. If defendant had wished to retain owner-
ship, payment in full was required. MCL 600.3110;
MSA 27A.3110. By making the payments, the
court-appointed receiver was fulfilling his statu-
tory duties. MCL 600.2926; MSA 27A.2926; MCL
600.2927; MSA 27A.2927. We decline defendant's
invitation to create a rule which would require
vendors to refuse all payments from a court-ap-
pointed receiver.

Defendant also contends that it is entitled to a
return of approximately $57,000 for payments that

* Recorder's court judge, sitting on the Court of Appeals by assign-
ment.

it paid during the forfeiture period. After a thorough review of the record, we agree with the trial court that no surplus existed.

Accordingly, we affirm the trial court.

Affirmed. Costs to appellees.