Delores KING, Appellant,

v.

David LUNSFORD, Appellee.

No. 78854.

Court of Appeals of Oklahoma,
Division No. 1.

April 13, 1993.

J. David Hampton, Hampton and Milligan, Oklahoma City, for appellant.

Brian Husted, Edmonds, Cole, Hargrave, Givens, Witzke, Oklahoma City, for appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

David Lunsford (Lunsford), as seller, entered into a Contract for Deed with Mark and Marvina DeLong (DeLongs), as buyers. Lunsford agreed to sell and convey and DeLongs agreed to buy and pay for a house and lot in Moore, Oklahoma. Delores King (King) was injured while swimming at this residence approximately two months after Delongs had taken possession and were residing in the house. When King attempted to climb out of the swimming pool on the premises, the ladder collapsed, causing her to fall. King was DeLongs' guest.

King brought this action against Lunsford asserting that he was the owner of the property and, as such, liable for her injuries which were caused by the fall. King alleged that the ladder was improperly installed and it was maintained in a negligent manner, and, it was Lunsford's duty to install and maintain the ladder in a prudent and reasonable manner. King prayed for damages as a result of her injuries and for lost wages.

Lunsford answered and moved for summary judgment. In the motion for summary judgment, Lunsford stated, *inter alia:* (1) King had used the pool several times before the accident and had complained to Mark DeLong of ladder's instability; (2) the Contract for Deed had been in place for over two months when the accident occurred; (3) he had relinquished all control of the premises to DeLongs; (4) he owed no duty to King; and, (5) even if he were responsible, the ladder was an open and obvious danger. King responded *inter alia:* (1) Lunsford retained enough incidents of ownership that he did owe King a duty of care; and, (2) Lunsford had not shown that he disclosed any dangerous defects of the property that were known to him. The court sustained the motion for summary judgment, and entered judgment for Lunsford against King.

King contends that summary judgment was improper because there was a dispute of material fact as to whether Lunsford knew of the defective ladder and failed to warn her of the same. King fails to cite any Oklahoma decision in support of her contention that this prior owner may be liable to her. She attempts to distinguish *Shipley v. Bankers Life & Casualty Co.,* 377 P.2d 571 (Okl.1962), on the ground that the former owner had sold the property and the purchaser had exclusive possession, management and control of the property for six years prior to the accident.

King candidly confesses in her brief that "It is a well accepted rule that a vendor of a real estate is not liable for personal injury to a purchaser or a third person caused by a dangerous condition to the premises." See *Shipley,* supra. However, King contends, "a recognized exception to this rule is whether the vendor conceals or fails to disclose to his purchaser the existence of a dangerous condition which existed at the time the purchaser took possession". We note that King cites no Oklahoma authority for this "recognized exception".

Without accepting or rejecting King's exception contention, we point out that the facts of this case show that the exception, if it exists under Oklahoma law, does not apply to this case.

King was an invited, social guest of the DeLongs. The only duty owed to her by the DeLongs was to exercise reasonable care to disclose dangerous defects known to them and which were unlikely to be discovered by her as a licensee. *Henryetta Construction Co. v. Harris,* 408 P.2d 522 (Okl.1967). Lunsford, if he owed a duty of any kind, could not have any higher duty to her than that of the DeLongs.

As pointed out in Lunsford's brief, King had swam in this pool between two and four times prior to the accident. She had commented on the pool ladder to Mark DeLong. Even if Lunsford had some duty to disclose, both the DeLongs and King knew, before the accident, all that the law would require Lunsford to disclose. We find no error in this respect.

King contends Lunsford and DeLongs had a contractual agreement for Lunsford to maintain liability insurance on the premises, which shows an incident of ownership; and, these matters constitute a dispute of material fact which precludes summary judgment.

In Oklahoma, when a contract for deed is properly executed, equitable title to the real property passes to the buyers. The seller, here Lunsford, retains only bare legal title. *State Life Ins. Co. v. State ex rel. Kehn*, 135 P.2d 965 (Okl.1942). The seller's retained rights are similar to those of a mortgagee. DeLongs, as equitable title owners, had exclusive possession and control over the premises. When Lunsford surrendered possession and control of the premises to DeLongs under this contract for deed, his responsibility (as an owner) for any injury occurring on the premises ceased. See *Shipley v. Bankers Life and Casualty Company*, supra.

Lunsford's lack of control over the premises and the passing of equitable title to DeLongs is not changed by Lunsford's maintenance of insurance on the premises. The evidence revealed that the premiums were paid by the DeLongs, albeit through Lunsford. This is similar to the arrangement of many mortgagors who pay insurance premiums and taxes to the mortgagee. The mortgagee creates an "escrow" account and pays taxes and insurance premiums with funds held in escrow. Such an arrangement does not constitute an incident of ownership.

Three elements must exist for actionable negligence: (1) existence of a duty on the part of a defendant to protect a plaintiff from injury; (2) a violation of that duty; and (3) injury proximately resulting therefrom. *MBA Commercial Construction, Inc. v. Roy G. Hannaford Company, Inc.*, 818 P.2d 469 (Okl.1991). Lunsford owed King no duty to protect her from any injury. It becomes unnecessary to discuss the other two elements.

Summary judgment is proper when there is no substantial dispute as to any material facts, and one party is entitled to judgment as a matter of law. *Weldon v. Seminole Municipal Hosp.*, 709 P.2d 1058 (Okl.1985). Here, there was no dispute as to any material fact. The trial court correctly sustained the motion for summary judgment and entered judgment for Lunsford against King.

AFFIRMED.

ADAMS, P.J., and JONES, J., concur.